## FOGEL v. SAN FRANCISCO AND SAN MATEO RAILWAY COMPANY.

### No. 16,011; November 25, 1895.

#### 42 Pac. 565.

Carrier—Injury to Passenger—Evidence as to Switch.—In an action for injury from being thrown from a car by its coming to a sudden stop, by reason of a defective switch, while being run at a high rate of speed, evidence that other persons than plaintiff were thrown from the car and injured is admissible to overcome the claim of defendant that plaintiff's injuries were caused by his negligence in jumping from the car when in motion.

Carrier—Injury to Passenger—Evidence as to Switch.—In an action for injuries received in an accident due to a defective switch, evidence by a skilled switch-tender as to whether anything was not done that could have been done to have avoided the accident is inadmissible, as invading the province of the jury.[1]

Witness—Physician as Expert.—Where a Witness Shown to be a physician has been "examined at length" as to plaintiff's injuries, it will be assumed that a proper foundation has been laid to enable him to testify as a medical expert.

Trial—Remarks of Attorney.—The Fact That Plaintiff's Counsel, in an action against a railroad company passing through a city, for personal injuries, said that "there is no road in the city . . . . that has caused so many accidents as this road, as is well known," is not ground for reversal where it was casual, and did not evidently influence the jury.[2]

Appeal.—A Verdict on Conflicting Evidence will not be disturbed on appeal.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by Jacob Fogel against the San Francisco and San Mateo Railway Company for personal injuries. From a judg-

---

[1] Cited and followed in Waniorek v. United Railroads, 17 Cal. App. 134, 118 Pac. 952, where the court deprecates drawing from a witness conclusions instead of facts only, and, while admitting there may be exceptional cases, says that where there is doubt it is best to adhere to the rule.

[2] Cited and followed in California Wine Assn. v. Commercial Union Fire Ins. Co., 159 Cal. 55, 112 Pac. 861, where the plaintiff's counsel, examining a witness, had used the expression "welching insurance companies," and on objection had then withdrawn it.

ment for plaintiff and an order denying a new trial defendant appeals.   Affirmed.

Morrison, Stratton & Foerster for appellant; H. I. Kowalsky and A. Everett Ball for respondent.

BELCHER, C.—The plaintiff brought this action to recover damages for injuries to his person alleged to have been caused by the negligence of defendant's servants and employees, in consequence of which he was thrown from one of its moving cars.   The answer denied any liability on the part of defendant, and alleged that the injuries sustained by plaintiff "were occasioned by the negligence of said plaintiff in jumping from said car while the same was in motion, and that the said negligence of said plaintiff proximately contributed to the injuries alleged to have been received by him."   The case was tried before a jury, and by the verdict plaintiff was awarded damages in the sum of $1,000, for which judgment was entered.   From this judgment, and an order denying its motion for a new trial, defendant appeals.

It was proved on behalf of the plaintiff that the car on which he was riding was going at a greater speed than usual, and that on coming to a switch the front wheels passed on to the switch and the hind wheels remained on the main track; that the car was thereupon brought to a sudden stop, and the plaintiff was thrown off, and, when picked up, was found to be badly bruised and unconscious.   John W. Tracy was a witness for plaintiff, and was asked: "Was anybody else thrown off of the car?"   He answered: "Yes, sir; a lady."   J. J. Kerr was a witness for defendant, and on cross-examination was asked if he saw the plaintiff lying on the ground, and answered that he did.   He was then asked: "Did you see anybody else lying on the ground besides this man?"   "A.   Yes, sir; I saw a lady."   "Q.   Was she injured?"   "A.   Not very much.   We picked her up."   Similar questions were propounded on cross-examination to defendant's witness Conrad Trieber.   All of these questions were objected to by defendant upon the ground that they were irrelevant, immaterial and incompetent, and the objections were overruled.   It is claimed that the questions objected to were not relevant to the issues presented by the pleadings, and that the testimony as to the injury of the lady tended to prejudice the minds of the

jury against the defendant. The testimony was evidently offered to meet and overcome the defendant's theory that plaintiff's injuries were caused by his own negligence in jumping from the car when it was in motion, and for that purpose it was clearly competent and admissible.

William Craven was a witness for defendant, and testified that he was an oiler on the electric road of the defendant, his business being to oil the switches and curves; that it was his duty to examine the switches, and see that they were in good order, and that on the day the accident occurred he examined the switch where plaintiff was hurt at about a quarter past 6 in the morning and again about 11 o'clock; and that on both of these occasions it was in good order. He was then asked the following questions: "Mr. Craven, was anything omitted that could have been done, that a man of foresight could have advised, or were you as careful as a man could have been to have avoided an accident, on this day?" "Well, now, in your opinion as a railroad man, used to working on railroads, was everything done that could have been done in the matter to obviate or prevent this accident?" Both questions were objected to by plaintiff upon the ground that they were immaterial, irrelevant and incompetent, and the objections were sustained. The rulings of the court were correct; both questions call for the opinion of the witness upon a matter of fact, which was the principal question at issue, and which it was the sole province of the jury to decide.

A physician was called as a witness for plaintiff, and stated that he was called to see him on the day he was injured, and then proceeded to testify as to his injuries and condition. He was asked if he had ever examined the patient in consultation with any other physician, and answered that he had, with Dr. F. S. Cook. Dr. Cook was then called as a witness, and "was examined at length by counsel for plaintiff." During the examination, counsel for plaintiff asked: "I want to know, doctor, what is the present condition, physically, of the plaintiff?" Defendant objected to the question upon the ground that it was irrelevant, incompetent and immaterial, and that the proper foundation had not been laid for a question of that kind. The Court: "Have you examined him lately?" "A. Yes, sir; some five weeks ago." The court then ruled that the witness might tell what he found his condition to be when he examined him physically. It is now claimed that the admis-

sion of the testimony of the witness, against the defendant's objection as to his competency, was error, "in view of the fact that his competency to testify as a medical expert had not been shown." But it does not appear that he was not competent to testify. He was shown to be a physician, and was "examined at length," and the presumption must be that the proper foundation had been laid to enable him to testify as a medical expert.

During the closing argument of counsel for plaintiff to the jury, he remarked, "There is no road in the city and county of San Francisco that has caused so many accidents as this road, as is well known." An exception to the remark was taken by counsel for defendant, and the court said, "I would not repeat it." It is claimed that the remark was improper, and tended to prejudice the minds of the jury against defendant. The judgment cannot, in our opinion, be reversed on this ground. The remark, while improper, appears to have been casual, and there is nothing to indicate that the minds of the jurors were or could have been prejudiced by it against the defendant.

Finally, it is claimed that the evidence was insufficient to justify the verdict, but we think it quite sufficient for that purpose. There was some conflict in the evidence, but that was a matter for solution by the jury and the trial court. The judgment and order appealed from should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.