# RACHEL BONDS *v.* L. M. HICKMAN.

METHOD OF TAKING AN APPEAL.—The filing of a notice of appeal in the Court below, and service of a copy of the same upon the opposite party or his attorney, is indispensable in order to enable the appellate Court to acquire jurisdiction of the cause.

AMENDING TRANSCRIPT IN SUPREME COURT.—The appellate Court may order a document to be inserted in or stricken from the transcript in order to perfect it, but it cannot vary or amend the document itself.

STIPULATION THAT NOTICE OF APPEAL WAS FILED.—If the attorney of the parties stipulate in the transcript that notice of appeal was filed in the Court below, and served, the Supreme Court cannot receive evidence contradicting the stipulation, and will not dismiss the appeal on the ground that no notice was in fact filed.

STIPULATION UNDER A MISTAKE OF FACT.—If an attorney stipulates, under a mistake of fact, that a notice of appeal has been filed, when no notice has been filed, the Court below, upon a proper application, may relieve him from it, but the Supreme Court cannot.

UNITED STATES PATENT.—A patent of the United States is not void because it is issued to the administrator of a deceased assignee of a military land warrant for land purchased by the administrator with the warrant.

SAME.—A patent of the United States cannot be attacked collaterally because it was issued to an administrator of a deceased person for land to which the deceased person had the right of pre-emption.

PRESIDENT MAY SIGN PATENTS BY HIS SECRETARY.—The laws of the United States allow the President to appoint a Secretary, whose duty it shall be to sign, in the President's name, all patents for land granted or sold by the United States.

APPEAL from the District Court, Thirteenth Judicial District, Stanislaus County.

The plaintiff was the assignee of the grantee in the United States patent mentioned in the opinion of the Court. After the issuance of said patent the defendant purchased the land from the State and obtained a State patent for the same. This action was brought to annul and vacate the State patent. The Court below refused to admit the United States patent in evidence, and gave judgment for defendant, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellant.

The facts stated in the stipulation give the Court jurisdiction; and whether the facts stated in the stipulation are true or not, cannot be inquired into by this Court on a motion to dismiss, but only on a motion to set the stipulation aside. A stipulation is something more than *prima facie* evidence of the truth of its contents. It is conclusive evidence, which cannot be counteracted as long as the stipulation is existent. The effect of a stipulation can only be avoided by addressing that coercive power which Courts hold over their attorneys, and procuring an order discharging each party from the effect

thereof, except under such circumstances as were shown in *Budd* v. *Holden,* where the parties by a course of conduct in changing the issues in the case practically made the stipulation obsolete. (*Beck* v. *Lamont,* 13 How. 27 ; 32 Eng. Common Law, 415 ; 24 Id. 372 ; 2 New Hampshire, 521 ; *Smith* v. *Brannan,* 13 Cal. 115.)

The Court below erroneously excluded the United States patent offered by appellant in evidence. (Lester's Land Laws, 47, Sec. 6 ; Brightly's Digest, 474, Sec. 90 ; Id. 103, Sec. 44; Id. 98, Sec. 3.)

*H. P. Barber,* for Respondent.

By the Court, RHODES, J.

The attorneys of the parties appended to the transcript the following stipulation : " It is hereby agreed that the foregoing is a true copy of the pleadings, the patent of the United States referred to therein, the minutes of the Court, and judgment in said case, and that the case be argued thereon. Notice of appeal admitted as duly filed and served, also the filing of appeal bond, insertion of copies waived." The respondent moves that the appeal be dismissed on the ground that the Court had no jurisdiction of the case, because, as he alleges, no notice of appeal was filed. The motion is based on a certificate of the Clerk of the District Court, and an affidavit stating that in fact no notice of appeal was filed. In the counter affidavit filed by the appellant, it is not stated that a notice of appeal was filed ; but he contends that the Court cannot go back of the stipulation—that the stipulation affords conclusive evidence that the notice was filed.

*Filing of notice of appeal indispensable to perfect an appeal.*

It is provided by section three hundred and thirty-three of the Practice Act, that " a judgment or order in a civil action, except when expressly made final by this Act, may be reviewed as prescribed by this title, and not otherwise ;" and section

three hundred and thirty-seven provides that an appeal shall be taken by filing with the Clerk of the Court in which the judgment or order is entered, a notice of appeal, and serving a copy thereof upon the adverse party or his attorney. That is the only mode prescribed by the Act in which an appeal to the Supreme Court can be taken. The filing of the notice of appeal is indispensable, in order to enable the appellate Court to obtain jurisdiction of the cause. (*Hastings* v. *Halleck*, 10 Cal. 31 ; *Buffandeau* v. *Edmondson*, 24 Cal. 94.) A waiver of the filing by the stipulation of the parties is not the equivalent of the filing of the notice, for consent, though it may waive error, cannot confer jurisdiction. (*Coffin* v. *Tracy*, 3 Caines, 129 ; *Low* v. *Rice*, 8 John. 409 ; *Lindsay* v. *McClelland*, 1 Bibb, 262 ; *Ormsby* v. *Lynch*, Litt. Selec. Cases, 303 ; *Banks* v. *Fowler*, 3 Litt. 332.)

But this principle does not dispose of the difficulty in the case, for, admitting the necessity of the filing of the notice of appeal as an essential part of the proceedings by which the appellate Court acquires jurisdiction, the real question is what is competent evidence in this Court, to prove or disprove the filing of the notice. The notice itself, together with the official indorsement of its being filed, form a part of the record of the cause in the Court below, and neither of them have any place as original papers in the appellate Court. Causes brought before the Court by appeal are heard upon a transcript of the record of the Court below or a portion thereof, the transcript being made up and the documents of which it is composed being authenticated, before it reaches this Court. The evidence of the filing, as well as of the contents of the notice, constitutes an essential part of the transcript, for, as we have remarked, no provision being made for the filing of the notice in this Court, it cannot constitute a part of the record of this Court unless it appears in the transcript. A copy of the notice and the indorsement of its being filed, certified by the Clerk of the Court below, would, in the absence of a rule permitting a different mode of authentication, be the best evidence in this Court of the filing as well as of the con-

tents of the notice. The certificate of the attorneys of the respective parties is permitted by the statute to take the place of the official certificate of the Clerk, and parties may substitute a brief statement of the notice and its filing in the place of complete copies; but in whatever form they may appear and be authenticated in the transcript, they have the same value, and are entitled to the same effect as evidence, as if complete copies were certified to by the Clerk. We can see no ground upon which the copy certified to by the Clerk can be attacked by affidavits in this Court, that would not be equally available as a ground for attacking with the same weapons, the summons, judgment or any portion of the record found in the transcript. If the attorneys for the respective parties had inserted, in lieu of the summons and the Sheriff's return of service, now found in the transcript, a brief statement showing that a summons in the usual form was issued and duly served upon the defendant, and if the defendant had in this Court offered his affidavit to show that in truth the summons was not served, the question would be identical in substance with the one before us, and the solution of both would depend on the same principle, which is—that while the appellate Court may order a document to be inserted in or stricken from the transcript, in order to perfect the transcript, it possesses no authority to vary or amend the document itself.

The principle announced in *Buckman* v. *Whitney*, 24 Cal. 267, appears to be decisive of the question under consideration.

*A stipulation in a transcript that notice of appeal was filed cannot be attacked by affidavits.*

If the stipulation was entered into by the respondent under a mistake of fact, as he alleges in his affidavit, and its operation was injurious to him, doubtless it was competent for the Court below, upon a proper application, to relieve him from it (*Becker* v. *Lamont*, 13 How. Pr. 23) as this Court might do, if a stipulation were entered into here under a mistake of fact; but this Court is powerless in the premises, and cannot amend the documents constituting the transcript, nor indi-

rectly accomplish the same result by accepting as true a state-
ment not found in the transcript, but which necessarily dis-
places a fact stated therein.   While the stipulation remains, it
affords sufficient evidence to this Court that the notice of
appeal was filed in the Court below.

### United States patent.

On the trial, the plaintiff offered in evidence the patent of
the United States for the lands in controversy, which recited
the location upon the lands, by James Smith, administrator
of Robert Smith, deceased, of a military land warrant, which
had been assigned to Robert Smith; and which granted to
" James Smith, administrator of Robert Smith, deceased, as
assignee as aforesaid, and to his heirs," the lands described.
The patent was signed : " By the President, Abraham Lincoln.
By W. P. Stoddard, Secretary."

The defendant objected to the patent on the following
grounds : " First—That the said patent is void upon its face,
and that it was located upon land on which it was not allowed
to be located by law, under military bounty land warrants.
Second—That it is void upon its face, as showing that it was
issued to the administrator of a party deceased.   Third—That
it is not signed, nor does it purport to be signed, by the Presi-
dent."

Neither of the grounds of objection are, in our opinion, well
taken.   The patent is in the usual form of patents in case of
the location by the assignee of a military land warrant, and
contains nothing rendering it void on its face.   Nor does it
appear that the land granted was not subject to location under
that class of warrants.   We cannot hold it to be void because
it was issued to the administrator of the deceased assignee of
the warrant, for it is not forbidden by law to be so issued in
such cases.   It is not shown upon the face of the patent that
it was issued for land to which the deceased had the right of
pre-emption ; and if such was in truth the case, though
not ·recited in the patent, it is not liable to be attacked col-

59

laterally on that ground.    The last ground of objection is fully answered by Sec. 6 of the Act of Congress to reorganize the General Land Office (Brightly's Dig. 463; Lester's Land Laws, 47, Sec. 6), which provides that the President may appoint a Secretary, whose duty it shall be to sign in the President's name all patents for land granted or sold under the authority of the United States.

Judgment reversed and the cause remanded.

Mr. Justice SANDERSON expressed no opinion.