[S. F. No. 5261.   Department Two.—December 28, 1910.]

# CALIFORNIA WINE ASSOCIATION (a Corporation), Respondent, v. COMMERCIAL UNION FIRE INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant.

PRACTICE—SPECIAL VERDICTS—JUDGMENT SUPPORTED BY ONE OF THE VERDICTS.—When more than one special issue, which would sustain a judgment, is submitted to a jury, and the jury's general verdict is supported by one of these special verdicts and is not supported by the others, if there be no self-destroying inconsistency between these special verdicts, that one which is correctly found will sustain the judgment, and the incorrect special verdicts become harmless error.

ID.—SPECIAL VERDICT PART OF JUDGMENT-ROLL.—Under subdivision 2 of section 670 of the Code of Civil Procedure, a special verdict of the jury, returned under section 625 of that code as it formerly stood, controlled the general verdict, and constituted a part of the judgment-roll.

ID.—APPEAL—DIMINUTION OF RECORD—STIPULATION AS TO CORRECTNESS OF TRANSCRIPT—ADDING SPECIAL VERDICTS TO JUDGMENT-ROLL.— Notwithstanding the fact that the respondent had stipulated to the correctness of the transcript on appeal, if the appellant seeks to overthrow the general verdict of the jury and the judgment based thereon, by showing that error was committed as to one of the issues involved, the respondent may, under diminution of the record, complete the judgment-roll by adding thereto special verdicts, which were omitted from the transcript, and which would show that the judgment is sustainable regardless of the alleged error.

ID.—SETTLEMENT OF BILL OF EXCEPTIONS—ESTOPPEL OF RESPONDENT.— The respondent was not estopped, by any stipulation or conduct in connection with the settlement of the bill of exceptions herein, from completing the judgment-roll by adding thereto the special interrogatories submitted to the jury and their findings thereon.

ID.—EXAMINATION OF WITNESS—LEADING QUESTIONS.—The asking of leading questions on direct examination is within the control of the trial court, and is permitted or not in the court's discretion.

ID.—USE BY COUNSEL OF DEROGATORY EPITHET APPLICABLE TO DEFENDANT.—In an action on a policy of fire insurance, it is not a reversible error for counsel for the plaintiff, in questioning a witness, to use the epithet "welching" in reference to the defendant, if such adjective was withdrawn.

ID.—TESTING RECOLLECTION OF WITNESS—DISCRETION IN ALLOWING QUESTIONS.—The allowance or refusal to allow a specific question on

CLIX Cal.—4

cross-examination upon a most minor and immaterial matter, solely to test the recollection of the witness, is within the discretion of the trial court, and its refusal will not warrant a reversal even if the appellate court were of the opinion that the question might have been permitted.

ID.—SURREBUTTAL—REFUSAL TO ALLOW REOPENING OF CASE.—It is within the discretion of the trial court to refuse to allow a party, on surrebuttal, to offer evidence with respect to subject-matters as to which the witnesses for the party had testified in chief.

ID.—FIRE INSURANCE—LOSS BY EARTHQUAKE—SPREADING FIRES—INSTRUCTION.—In an action on a policy of fire insurance, in which the defense was that the loss was directly or indirectly caused by earthquake, the defendant requested an instruction to the jury that if an earthquake caused directly or indirectly one or more fires, "and such fires or any one or more of them burned *uninterruptedly* from building to building . . . until they . . . reached and burned the insured property, then the defendant was not liable," the court gave an instruction, substantially as requested, except that the word "uninterruptedly" was omitted. *Held,* that the instruction as given was more favorable to the defendant than the one requested, and that the omission of the word was without injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Otto Irving Wise, and T. C. Van Ness, for Appellant.

Pillsbury, Madison & Sutro, and Alfred Sutro, for Respondent.

HENSHAW, J.—This action was to recover upon a contract of insurance. The policy was pleaded *in hæc verba.* It contained the following provision: "This company shall not be liable for loss caused directly or indirectly by . . . earthquake." At the trial defendant conceded plaintiff's right to recover, unless it could successfully maintain its defense under the quoted provision. It undertook to do so by showing that the fire which destroyed plaintiff's property was caused either directly or indirectly by the earthquake of April 18, 1906. The verdict of the jury was for plaintiff. Judgment was entered accordingly; and defendant appeals,

insisting that several errors of law committed by the trial court were of sufficient gravity to entitle it to a reversal. The appeal is from the judgment and from the order denying defendant's motion for a new trial.

At the trial plaintiff urged, and introduced evidence to show, that defendant was estopped from making its defense under the clause above quoted. Upon this appeal it is contended that the court erred in admitting this evidence, and in its instructions to the jury upon the subject of estoppel. It is further insisted that the evidence was entirely inadequate to establish an estoppel. Again, appellant urges that the court erred in refusing to give certain instructions which it proposed, to the effect that if the jury found that a fire or fires were started by the earthquake, and that such fire or fires, spreading and burning continuously and uninterruptedly, finally reached and destroyed plaintiff's property, plaintiff could not recover. Respondent, while maintaining that the court fell into error in no one of these matters, further argues that if one and all were conceded to be errors, still its judgment is good by reason of the special verdicts which the jury returned in answer to interrogatories. To interrogatory 26 the jury answered that on the morning of the eighteenth of April, 1906, in the territory described by the witnesses there was a fire or there were fires not caused directly or indirectly by the earthquake; and to interrogatory 29, the jury made answer that it was one or more of these fires, not caused directly or indirectly by the earthquake, which, burning uninterruptedly from building to building and block to block, reached and destroyed the property of the plaintiff. The jury, also, in terms, found and declared that no fire caused directly or indirectly by the earthquake destroyed the property of plaintiff. The general verdict for plaintiff which followed is manifestly and admittedly supported by these special verdicts. When more than one special issue which would sustain a judgment is submitted to a jury, and the jury's general verdict is supported by one of these special verdicts and is not supported by the others, if there be no self-destroying inconsistency between these special verdicts, that one which is correctly found will sustain the judgment, and the incorrect special verdicts become harmless error. Upon this precise subject this court has said: "If then either (special verdict) was sus-

tained by the evidence and was not affected by any error, the want of evidence to sustain the finding on the other defense, or any errors committed in regard to it, could not have been prejudicial." (*Big Three Mining and Milling Co.* v. *Hamilton*, 157 Cal. 130, [137 Am. St. Rep. 118 107, Pac. 301); *Crossett* v. *Whelan*, 44 Cal. 200; *Verdelli* v. *Gray's Harbor Commercial Co.*, 115 Cal. 517, [47 Pac. 364, 778].)

In the original transcript filed in this case all the special ·verdicts were omitted and the general verdict alone appears in the judgment-roll. Respondent, under suggestion of diminution of the record, moved to complete the judgment-roll by adding thereto the special verdicts. To this appellant objects, upon the ground: 1. That the special verdicts form no part of the general verdict, and so no part of the judgment-roll; 2. That respondent is estopped by reason of the fact that it stipulated that the transcript upon appeal was correct and that the appeal could be heard on the transcript; and, 3. Because the insertion of the special verdicts would work an injury to appellant in that respondent waived the insertion of the special verdicts by stipulation, in consideration of appellants omitting from the bill of exceptions the special interrogatories which it had asked the court to submit to the jury, and which the court refused to submit. Upon this refusal, appellant had intended to predicate error.

Under the terms of section 625 of the Code of Civil Procedure, as it existed at the time this action was tried, the jury was required, if so instructed by the court at the request of either party, to return special verdicts upon any issue made by the pleadings. The special verdicts or findings in this case were such, therefore, as the law not only contemplated, but compelled the jury to make upon request. Subdivision 2 of section 670 of the Code of Civil Procedure declares "a copy of the verdict of the jury" to be a part of the judgment-roll. We entertain no doubt that this language embraces the special verdicts which, themselves, absolutely control the general verdict. It is so expressly decided in *Frank* v. *Grimes,* 105 Ind. 346, [4 N. E. 414], and in *Suydam* v. *Williamson,* 61 U. S. 427, [15 L. Ed. 978], and such is declared to be the general rule in 2 Cyc., p. 1068.

Appellant, in support of its contention that respondent is estopped by stipulation from asking that the judgment-roll

be amended, cites *Bonds* v. *Hickman,* 29 Cal. 460, and *Harnish* v. *Bramer,* 71 Cal. 155, [11 Pac. 888]. In *Bonds* v. *Hickman,* the stipulation was to the effect that the transcript contained a true copy of the pleadings and judgment, and that "notice of appeal admitted as duly filed and served, also the filing of appeal bond, insertion of copies waived." After entering into this stipulation respondent moved that the appeal be dismissed upon the ground that the court had no jurisdiction of the case because no notice of appeal had been in fact filed. This court declared merely that if the stipulation was entered into by the respondent under a mistake of fact, and its operation was injurious to him, doubtless it was competent for the court below, upon proper application, to relieve him from it; that this court would do the same if a stipulation were here entered into under a mistake of fact; but under the circumstances of the case this court was powerless in the premises and could not amend the documents constituting the transcript, nor indirectly accomplish the same result by accepting as true a statement not found in the transcript, which necessarily displaced a fact stated therein. It is further declared that this court may order a document to be inserted in or stricken from the transcript in order to perfect it, although it cannot vary or amend a document found therein. In *Bonds* v. *Hickman* respondent, who had certified that a judgment was entered on a given date, upon the hearing of the appeal, for the first time, undertook to show by affidavit that in fact it was entered at a later date. Respondent did not undertake to show that he had been deceived or misled in making the stipulation, and his attempt to avoid it and defeat the appeal at a time when a new appeal could not have been taken, could not, under the simplest principles of fair dealing, be permitted. He had lulled his adversary into a fancied security by his stipulation, and when the time for retrieving the error had passed, he sought to defeat the appeal by proving the fact to be to the contrary of that which he had knowingly stipulated. No such question is here involved. The appellant seeks to overthrow the general verdict and judgment based thereon by showing that the court fell into error as to one of the issues. Respondent, in turn, asks the court to perfect the judgment-roll, not by changing any document therein, but by adding to it omitted matters properly belonging thereto, which

omitted matters would show that the judgment is sustainable regardless of the alleged error. The court of its own motion, and to perfect the record before it, could make the order, and would in any case make it, unless a right of the adverse party was injuriously affected thereby.

The third objection of the appellant to the perfection of the judgment-roll rests, as has been said, upon estoppel. The matter was heard upon affidavits supported by the proposed bill of exceptions and the proposed amendments thereto. The proposed bill of exceptions negatives the contention of appellant's counsel that he desired inserted in the bill of exceptions his proposed interrogatories which the court refused to submit to the jury. His proposed bill of exceptions contains nothing to this purport. One of respondent's proposed amendments to appellant's proposed bill of exceptions contained a demand for the insertion of all the questions of fact, findings upon which were requested by either plaintiff or defendant. The court refused to allow this amendment under the belief, that as there was no claim that the special verdicts were inconsistent with the general verdict in any particular, the special verdicts had no place in the record. It thus appears that the absence of the special verdicts was not due to any stipulation, but was due to a ruling of the court in opposition to plaintiff and respondent's motion that they be inserted. Appellant also states that it withdraw "a number of matters which were then a part of the said proposed bill of exceptions," but nowhere is any one of these matters specifically pointed out. Respondent is therefore not estopped and his motion in this regard to complete the judgment-roll by adding thereto the special interrogatories submitted to the jury and their findings thereon is granted.

With the complete record before us, since the sufficiency of the evidence to support the special verdict is not questioned, and since the judgment is sustainable under the special verdict above adverted to, that plaintiff's property was destroyed by a fire not caused directly or indirectly by the earthquake, there is left for consideration only the errors of law occurring at the trial and, of these, such alone as bear upon this special verdict.

It is contended that the manner in which counsel for plaintiff insisted upon examining his witnesses throughout the trial

necessitates a reversal of the judgment and order. The objections especially noted under this head are that plaintiff's attorneys insisted upon asking leading questions. But the asking of leading questions is within the control of the trial court, and is permitted or not in the court's discretion. Undoubtedly the questions were leading, but they were in their nature harmless, and manifestly were designed not to put answers in the witnesses' mouths, but rather to direct witnesses, who were slow of comprehension, to the general matter concerning which it was sought to elicit their testimony. Thus, for example, a witness is asked: "Did I ask you if you saw anything there? Did you tell me what you saw?" To this the court, in response to an objection said: "The witness apparently is a man who does not comprehend readily. That is the reason why I have allowed leading questions." Plaintiff's attorney asked one of his witnesses if he remembered "When the subject of the welching insurance companies that refused to pay the California Wine Association its insurance first came up." The question was objected to. The adjective "welching" was withdrawn. But appellant insists that the use of this epithet calls for a reversal of the case. We do not think so. (*Fogel* v. *San Francisco etc. Ry. Co.,* (Cal.) 42 Pac. 565; *Allen* v. *McKay,* 139 Cal. 94, [72 Pac. 713].)

The court sustained an objection to a question propounded to one of plaintiff's witnesses on cross-examination. This witness testified with reference to a fire on the morning of the earthquake. Upon cross-examination he was asked whether he had had any conversation with the members of the Stern family on the morning of the earthquake. The court sustained the objection upon the ground that conversation had with members of the Stern family would not be competent evidence. If the purpose of counsel was to follow this preliminary question by another seeking to elicit the conversation, the court's ruling was undoubtedly correct. It is here urged that the question was admissible, if only to test the recollection of the witness. Conceding this to be so, it was upon a most minor and immaterial matter. It does not appear that the cross-examination of the witness was unduly curtailed, and the allowance or refusal to allow a specific question such as this was a matter resting in the discretion of the court, and not one for which a cause would be reversed even

if, in the view of the appellate tribunal, the question might have been permitted. In rebuttal witnesses called for plaintiff had testified that certain streets were free from fire on the morning of the earthquake. In surrebuttal the defendant called a witness to ask him the condition of these streets. An objection was offered and sustained. Evidence as to the condition of the streets had been a part of defendant's case in chief. It was to rebut this evidence that plaintiff's witnesses were called. To allow further evidence on behalf of defendant, going to the same matter as to which their witnesses testified in chief, was in effect merely to open the case of the defense in chief. The question addressed itself to the discretion of the court and its refusal to allow this to be done was not error.

Complaint is made that the court refused to give an instruction to the effect that if the earthquake caused directly or indirectly a fire at one or a number of named locations in the city of San Francisco "and such fires or any one or more of them burned *uninterruptedly* from building to building or from block to block until they or any one or more of them reached and burned the insured property, then the defendant was not liable." The court instructed the jury as follows: "If you should find and believe from the evidence that the fires, or any one or more of the fires mentioned by the witnesses or as to which testimony has been introduced, were caused directly or indirectly by the earthquake of April 18, 1906, and that such fire or fires thereafter spread by heat, spark, flame, embers, burning brands or cinders, to and burned from building to building, or block to block, and destroyed the property of plaintiff located on the southeast corner of Fifth and Bluxome streets, in the city and county of San Francisco, then in that case, I instruct you that your verdict should be in favor of the insurance company and against the plaintiff, California Wine Association." The absence of the word "uninterruptedly" from the instruction given, which word is contained in the instruction refused, forms the basis of appellant's complaint. But manifestly the effect of the use of the word "uninterruptedly" was to narrow the instruction proposed by defendant. The absence of the word in the instruction which the court gave made rather for the benefit of defendant than to its injury.

The foregoing disposes of all objections meriting discussion.

The more interesting consideration, to which no small part of the briefs of both parties is directed,—namely, what in law constitutes a fire directly or indirectly caused by an earthquake, is, for the reasons already given, eliminated from this case. Whatever might be said about it would be purely *dicta* and the question may well be left for future consideration.

For the foregoing reasons the judgment and order appealed from are affirmed.

Lorigan, J., and Melvin, J., concurred.