[L. A. No. 9995. In Bank.—November 15, 1927.]

BARBARA A. TASKER, Petitioner, v. BENJAMIN F.
    WARMER, as Judge of the Superior Court, etc., Re-
    spondent.

[1] APPEAL — AMENDMENT OF RECORD—INHERENT POWER OF SUPREME
    COURT—TIME—SECTION 473, CODE OF CIVIL PROCEDURE.—An ap-
    pellate court, having jurisdiction of a record regularly on file,
    may properly authorize a temporary withdrawal thereof at any
    time during the pendency of the appeal so that the same may
    be corrected and amended in conformity with the directions of
    the appellate court. The trial court in such a case receives its
    power from the order of the appellate court, and the six months'
    period prescribed by section 473 of the Code of Civil Procedure
    does not apply.

[2] ID. — TECHNICAL OBJECTIONS—AMENDMENT OF RECORD.—Technical
    objections are not favored and a record may and will, when
    necessary, be corrected unless the right of the adverse party is

injuriously affected thereby; and courts of appeal look with favor upon an amendment the effect of which is simply to enable that court to review the decision of the lower court in view of all the facts which the latter court had before it when it made such decision.

[3] ID.—PREPARATION OF RECORD—PURPOSE—JURISDICTION.—The purpose of sections 953a, 953b and 953c of the Code of Civil Procedure is to provide a method of preparing the record or transcript to be filed in the proper appellate court in support of the appeal, and none of the proceedings there prescribed are jurisdictional to the appeal.

[4] ID. — TRANSCRIPT ON APPEAL—DELAY IN FILING—JURISDICTION—DISMISSAL. — When an appeal has been taken by either of the two methods provided by the code, the appellate court has jurisdiction of the appeal, even if no transcript on appeal is ever filed to support it, and it may dismiss such appeal for delay in filing the transcript but such dismissal will be a dismissal for want of diligence in prosecuting it and not for lack of jurisdiction of the appeal; and it has inherent power at any time during the appeal to direct the withdrawal and amendment of the transcript on file to conform to the facts.

[5] ID. — ORDER FOR AMENDMENT OF RECORD — DISCRETION—MANDAMUS. — Where an appellate court, in the exercise of its inherent appellate jurisdiction, has ordered the withdrawal of the transcript on appeal for amendment, so as to cause matters erroneously set forth in the clerk's transcript to be inserted in the reporter's transcript and for a proper certification of the same as amended, the trial court has no discretion in the premises and it is incumbent upon it to give effect to the order of the appellate court, and *mandamus* is available to require the judge of the trial court to certify to the correctness of the reporter's transcript.

---

(1) 4 C. J., p. 501, n. 41.   (3) 4 C. J., p. 420, n. 41.   (5) 38 C. J., p. 642, n. 78.

APPLICATION for a Writ of Mandate to be directed to Benjamin F. Warmer, as Judge of the Superior Court of San Bernardino County, to require respondent to permit the amendment and certification of the transcript on appeal. Writ granted.

The facts are stated in the opinion of the court.

---

3. See 2 Cal. Jur. 618.
4. See 2 Cal. Jur. 757, 761.
5. See 2 Cal. Jur. 634.

Lester Wm. Roth, Raymond E. Hodge and Loewenthal, Lissner, Roth & Gunter for Appellant.

W. F. Lewis and Swing & Wilson for Respondent.

THE COURT.—This *mandamus* proceeding arose out of an action entitled *Tasker* v. *Cochrane,* wherein the petitioner as plaintiff and assignee of a law firm sought to recover attorney's fees for services alleged to have been rendered by her assignor. After trial of said action, the jury returned a verdict in favor of petitioner and judgment was accordingly entered thereon. Upon motion duly made the respondent judge who presided at the trial of said action, made an order granting to the defendant therein a new trial. From the order granting such new trial the petitioner in this proceeding prosecuted an appeal to this court. In her request for a transcript to be used upon said appeal it was asked "that a transcript of all pleadings in said action, and the testimony offered or taken, exhibits and evidence introduced, offered or received, and all rulings, instructions, acts or statements of the court, also all objections or exceptions of counsel, and all matters to which the same relate be made up and prepared in accordance with sections 953a et seq., of the Code of Civil Procedure of California." Thereafter the clerk of the lower court prepared a transcript containing certain papers, and the reporter prepared a transcript of the proceedings upon the trial. The clerk's transcript was certified by the clerk and the reporter's transcript was certified by both the reporter and the trial judge and the same were thereupon filed in this court. Petitioner, as appellant, seasonably filed her opening brief upon the appeal and the respondent therein filed her reply brief wherein for the first time it was contended that certain of the papers included in the clerk's transcript were improperly placed therein and were not, therefore, properly authenticated. Upon such objection being made the appellant (petitioner) moved this court for an order allowing the withdrawal of the transcript to permit of its amendment so as to cause the matters erroneously set forth in the clerk's transcript to be inserted in the reporter's transcript and for a proper certification of the same as amended. The motion was granted and it

was ordered that the transcript might be withdrawn from the files of this court and returned to the clerk of the lower court for correction and proper certification. In accordance therewith the transcript was withdrawn and petitioner moved the respondent judge for an order directing the transfer of the papers erroneously included in the clerk's transcript to the reporter's transcript and further moved said judge to certify to the latter transcript as amended. The respondent upon the appeal objected to the granting of said motion upon the ground that the original request for a transcript had not complied with the provisions of section 953a of the Code of Civil Procedure, in that it was not sufficiently specific in its enumeration of the documents to be included therein. After hearing upon the motion, the trial court refused to cause the transfer of said papers to the proper transcript, or to further certify to the same. This proceeding in *mandamus* was thereupon instituted to compel such action upon the part of the lower court.

In support of the order refusing to cause the amendment and certification, as amended, of the reporter's transcript and in opposition to the issuance of a peremptory writ of mandate herein the respondent judge urges that the time within which the trial court could have granted relief had expired, it being contended that a trial court is without power to cause the amendment of a record subsequent to the expiration of the six months' period prescribed by section 473 of the Code of Civil Procedure.

[1] We have recently decided in the case of *McMahon* v. *Hamilton, ante,* p. 319 [260 Pac. 793], that an appellate court, having jurisdiction of a record regularly on file, may properly authorize the temporary withdrawal thereof at any time during the pendency of the appeal so that the same might be corrected and amended in conformity to the direction of the appellate court. It is therein pointed out that "In such a case we are not confronted with a want of power or jurisdiction in the trial court, assuming the six months' period to have expired, but rather with the inherent power of an appellate court to cause the amendment of a record before it so that the same might speak the truth. The trial court in such a case receives its power to act in the premises from the order of the appellate court." [2] Further, the opinion indicates that "It has repeatedly been held by this

court that technical objections are not favored and that a record may and will, when necessary, be corrected unless a right of the adverse party is injuriously affected thereby. . . . Moreover, this court looks with favor upon an amendment the effect of which 'is simply to enable this court to review the decision of the lower court in view of all the facts which that court had before it when it made such decision.' . . . ''

The holding in the case referred to, in our opinion, offers the solution to the question presented in this proceeding, for this court, under the doctrine therein announced, could with propriety authorize and direct the withdrawal and amendment of the transcript here concerned. In view of this court's order the trial judge, respondent here, should have granted the petitioner's motion for correction and certification of said transcript and his refusal to do so was improper. To hold otherwise would be to nullify this inherent power of an appellate court to direct the amendment of a record at any time pending the determination of an appeal prosecuted in good faith.

[3] Respondent in support of his refusal to cause the amendment and certification of the transcript also urges that petitioner's request therefor was insufficient and that such defect is jurisdictional to the appeal. We cannot accede to this position. Petitioner's application to the clerk of the lower court for a transcript comprehensively, requested that all of the proceedings had before the trial court be included therein. Any defects in this request for transcript cannot be said to be jurisdictional to the appeal. (*Smith* v. *Jaccard,* 20 Cal. App. 287 [128 Pac. 1023].) In denying a hearing in that case this court declared that the purpose of sections 953a, 953b and 953c "is to provide a method of preparing the record or transcript to be filed in the proper appellate court in support of the appeal. None of the proceedings there prescribed are jurisdictional to the appeal.

[4] "The appeal may be taken in the manner provided by sections 940 and 941 of the Code of Civil Procedure or in that provided by sections 941a, 941b and 941c of the Code of Civil Procedure. When properly taken by either method, the appellate court to which it is taken has jurisdiction of the appeal, even if no transcript on appeal is ever

202 Cal.—29

filed to support it. It may dismiss such appeal for delay in filing the transcript. But such dismissal will be a dismissal for want of diligence in prosecuting it, and not a dismissal for lack of jurisdiction of the appeal.'' This court having acquired jurisdiction of the appeal in the case of *Tasker* v. *Cochrane* could at any time pending determination thereof properly direct the withdrawal and amendment of the transcript on file therein so that the same might present for review ''the decision of the lower court in view of all the facts which that court had before it when it made such decision.'' This conclusion, of necessity, disposes of the respondent's further contention that petitioner herein ''has been guilty of laches.'' [5] Nor can we accept the contention of respondent to the effect ''that the discretionary power of the trial court in the matter of the certification of transcripts cannot be controlled by *mandamus*.'' Under the circumstances here presented the respondent was without discretion in the premises, for it was incumbent upon him to give effect to the order of this court by causing the amendment and certification of the transcript as requested. Moreover, *mandamus* is available to require the judge below to certify to the correctness of the reporter's transcript. (*Brown* v. *Superior Court*, 175 Cal. 141 [165 Pac. 429]; *Going* v. *Guy*, 166 Cal. 279 [135 Pac. 1128]; 2 Cal. Jur. 634, sec. 352.)

Let a peremptory writ of mandate issue as prayed for.