[Civ. No. 5738.   Second Appellate District, Division One.—January 10, 1928.]

HATTIE L. SENEY, Appellant, v. PICKWICK STAGES, NORTHERN DIVISION, INC., Respondent.

Edwin S. Earhart for Appellant.

Warren E. Libby and B. P. Gibbs for Respondent.

HOUSER, J.—This matter involves two separate motions, the first of which being a motion to dismiss an appeal and

the second being a motion to affirm the judgment rendered in the lower court.

In part, the ground specified in each of such motions is identical with the other and consists of a contention on the part of respondent to the effect that the record on appeal was not certified by the shorthand reporter, or settled by the judge before whom the cause was tried. In the motion to dismiss the appeal the additional ground is specified that the reporter's transcript was not filed "within the time required by law."

As affecting the ground last stated, Rule V of the supreme court and district courts of appeal contains the following:

"If the transcript of the record or appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed on motion, upon notice given. If the transcript, or the points and authorities, though not filed within the time prescribed, *be on file at the time* such notice is given, that fact shall be sufficient answer to the motion. . . . ''

██ Although the register in the clerk's office discloses facts from which it may be concluded that the reporter's transcript was not originally filed "within the time required by law," it appears that the transcript was on file at the time the notice to dismiss the appeal was given. It follows that respondent may not avail itself of appellant's dereliction in the first instance.

██ With reference to the grounds that the reporter's transcript was not properly certified by the shorthand reporter who transcribed the testimony given at the trial, nor settled by the judge before whom the cause was tried, it appears that two cases were pending between the same parties; that the first case having been tried, it was stipulated by respective counsel in substance that, so far as applicable on the trial of the second case, the transcript of the evidence produced in the first case might be used on the trial of the second case. It is also shown that other evidence in addition to that produced on the trial of the first case was introduced on the trial of the second case; that in making up the record on appeal, that part of the evidence only which was actually produced at the trial of the second case, independently of the transcript of the evidence

in the first case, was certified by the shorthand reporter and settled by the judge; and that as to the remainder of the evidence the parties stipulated as follows:

"It is hereby stipulated and agreed by and between the undersigned, attorneys of record for the respective parties in the above-entitled action, that the annexed and attached transcript of testimony taken in Case No. 111,521, wherein the above named plaintiff was also plaintiff and the above named defendant was also defendant, heretofore tried in the above-entitled court, is a full, true, complete and correct transcript of the evidence taken in the trial of said Case No. 111,521; that said annexed and attached transcript is also a full, true, and correct and complete transcript of testimony heretofore submitted to the above-entitled court in the trial of the above-entitled action pursuant to and as provided for in that certain stipulation heretofore made and filed in the above-entitled action as dated April 4, 1924; that the evidence and testimony set forth and recited in said annexed and attached transcript, together with the oral and documentary evidence introduced at the trial of the above-entitled action, comprises and constitutes all of the evidence introduced before the court in trial of the above-entitled action and which was considered by said court in rendering its judgment herein; that a copy of said stipulation of April 4, 1924, is contained in the clerk's transcript prepared in the above-entitled action; that said clerk's transcript, together with the reporter's transcript of the evidence introduced at the trial of the above-entitled action, together with the annexed and attached transcript of evidence in said Case No. 111,521, constitute a complete transcript of the proceedings and evidence in the above-entitled action resulting in judgment heretofore made and entered therein, and that the above-entitled court may attach this stipulation and the annexed transcript of testimony to the transcript in the above-entitled action and settle the same as the transcript on appeal in the above-entitled action."

The affidavit of the judge who presided at the trial of the second case shows that by stipulation of the parties to the action the evidence which was received in the former case was read and considered in evidence in the second case; that a date was set for the settlement of the transcript and rec-

ord in the second case, which resulted in the first instance in the settlement of the transcript of the testimony which was actually given on the hearing of the second case; that, according to the recollection of the judge, he refused to settle the copy of the transcript of the evidence taken in the first case for the reason that, in his opinion, it was necessary to incorporate the transcript in the first case in the transcript in the second case, or for respective counsel to stipulate that such transcript might be used without being so incorporated; that he was subsequently informed by counsel representing the plaintiff in the second action that he had secured such written stipulation and that the transcript of the oral testimony taken in the second case might be settled; that he suggested to counsel that he would settle the transcript if the portions of the testimony considered in the first case were recopied, certified by the reporter, and presented for settlement, but that no such transcript as suggested by him was ever presented to him for settlement, and that he refused to settle the copy of the transcript filed in the first case for the reasons hereinbefore set forth.

The record herein further discloses the facts that, notwithstanding the stipulation by the parties, the reporter's transcript affecting such evidence was not certified by the shorthand reporter, nor settled by the judge, but that that part of the transcript which had been certified and settled was filed with the clerk of this court as a part of the record on appeal.

Respondent cites authorities to the effect that, in the absence of a properly authenticated transcript, notwithstanding a stipulation by the parties covering the situation, no record is presented upon which a reversal of the judgment of the lower court might be predicated, and consequently that this court is authorized to dismiss the appeal and affirm the judgment. (2 Cal. Jur. 608, 631; see, also, *In re Barney*, 191 Cal. 18 [214 Pac. 853].) However, the later case of *McMahon* v. *Hamilton*, 202 Cal. 319 [260 Pac. 793], indicates in principle that the appellate court has the power to direct the lower court to so amend its certificate or settlement of the record on appeal as to make it speak the

truth. In that case the court, in part, used the following language:

"We have concluded that our order of July 11, 1927, authorizing the withdrawal and amendment of the transcript herein in the particulars above referred to was a proper exercise of our appellate jurisdiction. In so concluding we are not unmindful of the numerous authorities, many of which are relied upon by the appellant and moving party, which declare, and correctly so, that a *trial court* is without power to and may not amend a record to be used upon appeal more than six months after the same has been certified as a correct transcript of the proceedings had and taken in such court. (*Fountain Water Co.* v. *Superior Court,* 139 Cal. 648 [73 Pac. 590]; *Baker* v. *Borello,* 131 Cal. 615 [63 Pac. 914]; *Sprigg* v. *Barber,* 118 Cal. 591 [50 Pac. 682].) It is also well settled that a record authenticated by the trial court cannot be changed by an appellate court. (*Mendocino County* v. *Peters,* 2 Cal. App. 24, 27 [82 Pac. 1122], and authorities there cited.) Our research has failed to disclose, however, any authoritative expression which would preclude this or any appellate court having jurisdiction over a record regularly on file from authorizing the temporary withdrawal thereof at any time during the pendency of the appeal, so that the same might be corrected and amended in conformity to the direction of the appellate court. In such a case we are not confronted with a want of power or jurisdiction in the trial court, assuming the six months period to have expired, but rather with the inherent power of an appellate court to cause the amendment of a record before it so that the same might speak the truth. The trial court in such a case receives its power to act in the premises from the order of the appellate court. That an appellate court may have a record before it amended so as to speak the truth has long since been the subject of judicial decision. (*Valentine* v. *Stewart,* 15 Cal. 387, 396.) In that case this court adopted with approval the following declaration from *Johnson* v. *Whitlock,* 13 N. Y. 344, 349: 'If this statement has been imperfectly made, we have no doubt of the power of the Supreme Court to direct a resettlement, and reform the proceedings in any manner not incon-

sistent with the actual finding of the Judge or Referee upon the facts. The facts, as found, cannot be changed and found differently; nor can leave be had to insert exceptions never in fact taken; but within these limitations it will always be proper to move in the Supreme Court, not to turn the case into a bill of exceptions—a proceeding which has no existence under the code—nor into a special verdict, but so to amend the case itself as to fitly present the questions which are to be examined in this Court.' . . . It has repeatedly been held by this court that technical objections are not favored and that a record may and will, when necessary, be corrected unless a right of the adverse party is injuriously affected thereby. (*California Wine Assn.* v. *Commercial etc. Co.*, 159 Cal. 49, 53 [112 Pac. 858]; *Perri* v. *Beaumont*, 88 Cal. 108 [25 Pac. 1109].) Moreover, this court looks with favor upon an amendment the effect of which 'is simply to enable this court to review the decision of the lower court in view of all the facts which that court had before it when it made such decision.' (*In re Lamb*, 95 Cal. 397, 408 [30 Pac. 568, 571].)''

In the instant case, the evidence produced in the first case was, by means of a transcript thereof, used in the trial of the second case. Clearly, it was the intention of the parties to the litigation that such evidence should be certified to and settled by the judge before whom the second case was tried, as a part of the record on appeal, and that it should be included within that part of such record as had already been settled by the judge. In such circumstances, and considering the inherent power of the court, as announced in the case of *McMahon* v. *Hamilton, supra,* to direct the amendment of the record, it would seem that the respondent should not be permitted to prevail with reference to his motion to dismiss the appeal. The motion to affirm the judgment, being wholly dependent upon the granting of the motion to dismiss the appeal, necessarily fails as a result of the denial of the latter motion.

It is ordered that each of the motions be and it is denied.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 8, 1928.

All the Justices concurred.