[Civ. No. 781. Fourth Appellate District.—April 16, 1932.]

R. F. BARNETT et al., Respondents, v. DR. C. MARSILI, Appellant.

Borton & Petrini and W. L. Bradshaw for Appellant.

Conron & Conron for Respondents.

BARNARD, P. J.—This is an application to correct an alleged error in the reporter's transcript involving only one question and answer, which now read as follows:

"Q. By the terms of the loan transaction was it stipulated that you was to have possession of the car? A. No, sir."

It is sought to correct this to read as follows:

"Q. By the terms of the loan transaction was it stipulated that you was to have possession of the car upon demand? A. Yes, sir."

In support of the motion, there was filed the affidavit of the official court reporter to the effect that he took down the testimony of the witnesses at the trial in shorthand and thereafter transcribed the same; that in transcribing the question and answer above referred to, he incorrectly transcribed it as first above given; that the correct transcription of this question and answer is in accordance with the correction above set forth; and that in order for this transcript to correctly state the testimony given, the same must be amended and corrected as above indicated. In further support of the motion, there is presented the approval of the trial judge to the correction asked for.

In opposition to the motion, it is not denied that the transcript as filed fails to set forth correctly the testimony as given in the trial court, but it is urged that this court is without authority to correct such an error; that the respondent's only avenue of relief was to apply in seasonable time for such relief under section 473 of the Code of Civil Procedure; that having failed to make such application within the proper time, any objection to the transcript has been waived; and that rule XIV of the Rules for the Supreme Court and District Courts of Appeal permit diminution of the record only upon matters that have been properly certified by the trial judge.

In *Dugan* v. *Forster,* 101 Cal. App. 144 [281 Pac. 411], the court said:

"An appellate court, in the absence of statutory mandate or authoritative expression to the contrary (and in this state there is none), has, in the exercise of its jurisdiction, power to direct and cause the correction of a record before it at any time during the pendency of the appeal; and, this without reference to the provisions of section 473 of the Code of Civil Procedure.

"It has repeatedly been held that technical objections are not favored and that a record may and will, when necessary, be corrected, unless a right of the adverse party is injuriously affected thereby. Appellate courts look with favor upon an amendment, the effect of which is to enable them to review the decision of the lower court in view of all the facts which that court had before it when it made its decision. (*McMahon* v. *Hamilton*, 202 Cal. 319, 325 [260 Pac. 793].)"

In speaking of the power of an appellate court to correct a record, the court in *McMahon* v. *Hamilton, supra,* said:

"In such a case we are not confronted with a want of power or jurisdiction in the trial court, assuming the six-months period to have expired, but rather with the inherent power of an appellate court to cause the amendment of a record before it so that the same might speak the truth."

These considerations apply with special force to a case of mere clerical error in transcription. Under the authorities and under a reasonable interpretation of rule XIV, such an error as here appears may be corrected by this court.

The motion to correct the transcript is granted.

Marks, J., and Jennings, J., concurred.