[S. F. No. 14747. In Bank.—January 24, 1933.]

ARTHUR W. KECK, Respondent, v. LIZZIE B. KECK, Appellant.

Waldo F. Postel for Appellant.

William P. Hubbard for Respondent.

WASTE, C. J.—This is an appeal from an order entered subsequent to the granting of an interlocutory decree of divorce to the appellant upon her cross-complaint and purporting to alter and reduce the alimony or support payments necessary to be made by the respondent to the appellant. Respondent moves the dismissal of the appeal or the affirmance of the order on the ground that no properly authenticated record has been presented or filed herein. On its face the motion has merit, for the transcript is certified to by the clerk alone, though it contains many matters which can only be properly authenticated by the court. However, it appears from the record now before us that appellant seasonably pursued the steps essential to the production of a proper record on appeal. The notice to the clerk for preparation of transcript, filed under section 953a of the Code of Civil Procedure, was sufficiently broad to warrant the making up of a reporter's transcript. When informed by the clerk of the court below that the transcript had been prepared, as requested, counsel for appellant asserts that he demanded that the same be presented to the judge for certification but that said clerk refused so to do and over counsel's objection filed the same in this court with the clerk's certificate alone appended thereto. Counsel for appellant also points out that he thereafter requested the judge of the court below to certify to the transcript but that such request was refused for an asserted want of jurisdiction. In addition to the foregoing, appellant has presented to this court a cross-motion asking leave to withdraw the transcript for proper certification by the court below. ■ That an appellate court, having jurisdiction of a record regularly on file may properly authorize the temporary withdrawal thereof at any time during the pendency of the appeal, so that the same might be corrected or amended in conformity to the direction of the appellate court, is now settled. (*McMahon* v. *Hamilton,* 202 Cal. 319, 323–325 [260 Pac. 793]; *Tasker* v. *Warmer,* 202 Cal. 445,

447–449 [261 Pac. 474].) In the latter case, in response to a motion therefor, we permitted the withdrawal of the transcript in order that certain matters improperly included in the clerk's transcript might be removed therefrom and inserted in the reporter's transcript, with a direction to the trial court to thereupon certify to the same. The circumstances of the present case warrant the granting of similar relief to the appellant herein, with the result that there will then be presented to this court a properly authenticated record upon which we can hereafter dispose of the cause on its merits, which result is always to be favored.

The motion to dismiss or affirm is therefore denied. The appellant is hereby authorized to withdraw the transcript for purposes of certification and the trial court is directed upon receipt of the same to proceed with the authentication thereof within the time specified in and pursuant to the provisions of section 953a of the Code of Civil Procedure.

Preston, J., Langdon, J., Curtis, J., Seawell, J., and Shenk, J., concurred.