SHAW, P. J.
The defendant has appealed from a judgment, which on its face purports to have been entered in pursuance of plaintiff’s motion for an order striking out the answer of the defendant and for the entry of summary judgment in favor of the plaintiff and recites that the court “considered the affidavits filed by the plaintiff and the defendant”. Upon the argument of the appeal, the defendant contended that the affidavits filed by him in opposition to the motion for a summary judgment were sufficient to show the existence of a defense and thus defeat the motion. A question having been raised whether a notice of motion and several affidavits which had been sent to this court by the clerk of the trial court were properly before us, defendant contended further that they were legally a part of the record on appeal and also moved, in case this contention failed him, that this court order said papers made a part of the record, under section 988b of the Code of Civil Procedure.
We find in the record no bill of exceptions or reporter’s transcript, and are of the opinion that the notice of motion for summary judgment and the affidavits used on the hearing of such a motion are not a part of the record on appeal from the judgment, because they are neither a part of the judgment-roll nor authenticated in one of the modes just mentioned. Section 988b of the Code of Civil Procedure prescribes what shall be the record on an appeal from the municipal court, and in case of a judgment such *Supp. 759 record consists of the notice of appeal and notice, if any, requiring the preparation of a record under section 953a of the Code of Civil Procedure, the judgment-roll, any bill of exceptions settled, or transcript certified, for use on the appeal, and all notices, affidavits and other papers “properly referred to and identified” in such bill or transcript. The phrase “properly referred to” points to section 988a of the same code, which permits reference in a bill of exceptions or transcript to notices, affidavits, and other papers on file with a municipal court without copying them in the bill or transcript. Section 670 of the Code of Civil Procedure prescribes what papers constitute the judgment-roll, and by its terms does not include therein the notice of motion for summary judgment or the affidavits used on the hearing of such a motion. Not being a part of the judgment-roll they do not otherwise become a part of the record on appeal under the above-mentioned provisions of section 988b, unless there is a bill of exceptions or a transcript in which they are properly referred to and identified. Hence, we cannot consider the notice of motion for judgment or the affidavits, on the record now before us, even though they are actually in our file. (Whipple v. Hopkins, 119 Cal. 349 [51 Pae. 535]; Roberts v. Hall, 147 Cal. 434, 437 [82 Pac. 66] ; State Bank v. McLaury, 175 Cal. 31, 34 [165 Pac. 7]; Hertel v. Emireck, 178 Cal. 534 [174 Pac. 30] ; Stern & Goodman Inv. Go. v. Danziger, 206 Cal. 456, 459 [274 Pac. 748] ; Cormónd v. United Rys., 41 Cal. App. 683, 685 [183 Pac. 218] ; Guyot v. Gassab, 118 Cal. App. 742 [5 Pac. (2d) 912]; Salinas v. Riverside Fin. Go., 126 Cal. App. 675 [14 Pac. (2d) 1025]; Sutcliffe v. Sutcliffe, 220 Cal. 398 [31 Pac. (2d) 195].)
But, as above stated, appellant has moved that this court make the papers in question a part of the record under that provision of section 988b of the Code of Civil Procedure which reads as follows: “If it appear that there is any paper or record in the custody of the clerk of the municipal court which was before said court but which is not included in the record on appeal, and that an examination of such paper or record will assist in the determination of the appeal -on its merits, the superior court may, on motion of either party, or on its own motion, require the *Supp. 760 production of such paper or a certified copy of such record, and the same shall thereupon be deemed a part of the record on appeal.” This language is identical with the latter part of section 953 of the Code of Civil Procedure which affects appeals to the Supreme Court and to the District Courts of Appeal, and as contained in the latter section it has several times been referred to and construed. In People v. Southern Pac. R. Co., 68 Cal. App. 153, 158 [228 Pac. 726], this provision was relied on by the court for authority to procure the original of an exhibit for examination in order to determine whether the copy in the transcript was erroneous. In Security-First National Bank v. J. G. Ruddle Prop. Inc., 211 Cal. 346 [295 Pac. 343], and Stafford v. Geary, 213 Cal. 650 [3 Pac. (2d) 10], the Supreme Court under section 953' directed that certain orders of the trial court be made parts of the record. In McMahon v. Hamilton, 202 Cal. 319, 324 [260 Pac. 793], section 953 was referred to but not construed, in a discussion of the inherent power of an appellate court to correct a record. In Armstead v. Jackson, 100 Cal. App. 725, 728 [280 Pac. 1028], this section was referred to as “a method of bringing to the appellate court all papers used in the trial court which are not included- in the record on appeal”, but this was coupled with an explicit statement that such papers must be authenticated as having been used on the hearing below, in the manner provided by law. In the very recent case of Stoltenberg v. Harveston, 219 Cal. 406 [26 Pac. (2d) 833], where the appeal was on the judgment-roll alone, and respondent sought under section 953 to present to the Supreme Court excerpts from the testimony and proceedings at the trial and copies of exhibits received in evidence, the court held that section 953 was not applicable, saying “It relates to the record on appeal as provided in the three sections of the code immediately preceding, and not to evidentiary matter properly brought up by a bill of exceptions, statement of the case or transcript of testimony. ’ ’ The three sections to which the court thus referred are those providing what- papers constitute the record on appeal from the superior court. In view of this decision, we are bound to hold that the language of section 988b, on which defendant relies, cannot be used to dispense with the necessity for preparing a bill of exceptions or reporter’s transcript where *Supp. 761 matters of an evidentiary nature are to be considered on appeal.
There are several decisions holding that an appellate court has inherent power to have its record amended so as to speak the truth and may send the record back to the trial court for that purpose, and that it is the duty of the trial court thereupon to make the amendment as ordered. (McMahon v. Hamilton, 202 Cal. 319 [260 Pac. 793]; Tasker v. Warmer, 202 Cal. 445 [261 Pac. 474]; Webster v. Webster, 216 Cal. 485, 492 [14 Pac. (2d) 522]; Keck v. Keck, 217 Cal. 280 [18 Pac. (2d) 338]; Seney v. Pickwick Stages, 88 Cal. App. 284 [263 Pac. 299]; Brandes v. Rucker-Fuller Desk Co., 100 Cal. App. 512 [280 Pac. 379]; Dugan v. Forster, 101 Cal. App. 144 [281 Pac. 411]; Barnett v. Marsili, 122 Cal. App. 609 [10 Pac. (2d) 472].) None of these cases, however, is like that before us. In McMahon v. Hamilton there was a bill of exceptions which the trial judge had inadvertently signed, believing that certain amendments allowed by him had been incorporated in it, and the bill was sent back for correction. In Tasker v. Warmer, where both a clerk’s transcript and a reporter’s transcript had been prepared, certain papers belonging to the reporter’s transcript had been placed in the clerk’s transcript, and the record was sent back to have them put in the proper transcript. In Keck v. Keck, a reporter’s transcript had been requested under section 953a of the Code of Civil Procedure, but matters belonging therein had been sent up in the clerk’s transcript, which the trial judge had refused to sign, and the record was sent back for a proper certification of these matters. In Seney v. Pickwick Stages, there was a reporter’s transcript, but the trial judge had omitted therefrom a matter which belonged there and which the parties had stipulated he should place there. The transcript was sent back to have this omitted matter inserted. In Brandes v. Rucker-Fuller Desk Co., two instructions with notations showing who had requested them were inserted in a reporter’s transcript. In Dugan v. Forster there was a bill of exceptions and certain evidence had been inadvertently omitted therefrom, and the bill was sent back for the insertion of this matter. In Barnett v. Marsili it appeared that one question and one answer in a reporter’s transcript were erroneous and they were corrected, on presentation of an *Supp. 762 affidavit by the reporter and a certificate by the trial judge. In Webster v. Webster an excerpt from the proceedings at the trial was permitted to be filed in order to show a stipulation that the allegations of a supplemental complaint should be deemed denied, although the appeal was upon the judgment-roll. In all but two of these cases a bill of exceptions or a reporter’s transcript was on file, and mere corrections were allowed, and in one of the two, although there was no reporter’s transcript, there had been a proper request for one and the record which should- have been in it was sent up without the judge’s certificate. In the other case the pleadings only were under consideration in this connection, no question of an evidentiary nature being involved. In neither the facts nor the language of any of these decisions can we find any suggestion that the inherent power of an appellate court to amend its record goes to the extent of making a record when no attempt has been made to procure one or of excusing an appellant from complying with the statutory provisions for bringing up on appeal the evidence and other proceedings in the lower court, and we are satisfied that such inherent power does not extend so far. (See, also, Espinosa v. Gould, 47 Cal. App. 316, 318 [190 Pac. 481]; Ferguson v. Oildale etc. Co., 78 Cal. App. 74, 77 [248 Pac. 256].)
In his notice of appeal defendant included a notice to the clerk which might be regarded as sufficient for the preparation of a reporter’s transcript under section 953a, but this notice of appeal contains an express admission that notice of entry of judgment had been served on defendant twenty-eight days before the notice of appeal was filed. The notice was therefore too late to serve as a notice under section 953a, a new trial proceeding to extend the time being impossible in this case. Hence none of the foregoing authorities can help defendant. Defendant’s counsel suggests that he omitted the preparation of a bill or transcript in reliance upon information that, according to the practice prevailing in this court, affidavits on a motion for a summary judgment would be considered without any bill or transcript, and he calls our attention particularly to the case of Cowan Oil etc. Co. v. Miley Petroleum Corp., 112 Cal. App. (Supp.) 773 [295 Pac. 504], where he asserts this practice was followed. This matter was not considered in the opinion filed in that case, but reference to the record therein discloses *Supp. 763 that a notice to the clerk for the preparation of the record, including a reporter’s transcript, had been given under section 953a, and that the clerk, after making such a record, certified it himself and sent it up without a settlement by the trial judge. Upon an application for leave to withdraw the transcript for correction, we made an order that the affidavit of defendant in opposition to the motion for summary judgment, which was already in our files and certified by the clerk, be deemed part of the record on appeal. This case was substantially identical with Keck v. Keck, 217 Cal. 280 [18 Pac. (2d) 338], which had not then been decided, and had we then had the benefit of that decision, we would doubtless have followed the course there pointed out, and returned the transcript to the trial court for proper certification. But our action there is not authority for the contention that a bill of exceptions or reporter’s transcript is not necessary in such a ease, because there the appellant had taken the necessary steps to procure such a transcript. However, in view of the assertion of appellant’s counsel as to the manner in which he was induced to omit preparation of a bill or transcript, it is perhaps possible that he may obtain from the trial court relief under section 473 of the Code of Civil Procedure from his default in that respect. It is not too late for him to make an application for such relief, and the trial court retains jurisdiction to grant it in spite of the pendency of this appeal. (California Nat. Bank v. El Dorado Lime etc. Co., 200 Cal. 452 [253 Pac. 704]; Paolini v. Sulprizio, 201 Cal. 683 [258 Pac. 380].) We are desirous of deciding all appeals upon the merits where it is legally possible so to do, and in order to give appellant an opportunity to present to the trial court an application for relief from his default in giving notice under section 953a or serving a bill of exceptions, the submission of this appeal on the merits is set aside and the cause is placed upon the calendar for further hearing on May 3, 1934, at 2 o’clock P. M.
The motion under section 988b of the Code of Civil Procedure, to make certain papers a part of the record on appeal, is denied.
Bishop, J., and Fox, J., concurred.