[Civ. No. 10806. First Appellate District, Division One.—August 10, 1938.]

UNION OIL COMPANY OF CALIFORNIA (a Corporation), Appellant, v. BASALT ROCK COMPANY, INC. (a Corporation), Respondent.

Cooney & Kelley, L. C. Kelley and Myron E. Smith for Appellant.

Clarence N. Riggins for Respondent.

KNIGHT, J.—Plaintiff took an appeal pursuant to the provisions of section 953a of the Code of Civil Procedure from an order granting defendant's motion for a change of venue, and in furtherance of the appeal and in conformity with statutory requirements requested the preparation of a transcript, which in due course was filed in this court. Thereupon plaintiff served and filed its opening brief, which was followed by the filing of defendant's brief. Both briefs deal with the merits of the appeal; but by way of preliminary point, defendant in its brief challenged the legal sufficiency of the transcript. In this respect it appears that although the transcript was duly certified by the county clerk it did not have attached thereto the certificate of the trial judge; whereupon plaintiff moved this court for an order authorizing the withdrawal of the transcript for the purpose of having said certificate attached; and shortly after the submission of the motion the county clerk forwarded to the clerk of this court for filing an amended transcript which is an exact duplicate of the one heretofore filed and which bears the certificates in due form of the county clerk and the judge of the trial court. The motion for change of venue was heard and determined on affidavits, and defendant has at no time made any claim that the transcript as prepared omits any part of the record upon which such determination was based, nor anything else which might tend to prevent a full and fair presentation and determination of the appeal on the merits.

It is quite obvious that under the circumstances stated plaintiff's present motion for an order permitting the filing of the amended transcript should be granted. As held in several recent cases, an appellate court having jurisdiction of a record may properly authorize the temporary withdrawal thereof at any time during the pendency of the appeal for the purpose of correction or amendment in conformity with the direction of the appellate court; and to that end that it will disregard technical objections and look with favor upon the making of such amendments as will enable it to dispose of the appeal on the merits. (*Keck* v. *Keck*, 217 Cal. 280 [18 Pac. (2d) 338]; *McMahon* v. *Hamilton*, 202 Cal. 319 [260 Pac. 793]; *Tasker* v. *Warmer*, 202 Cal. 445 [261 Pac. 474]; *Dugan* v. *Forster*, 101 Cal. App. 144 [281 Pac. 411].)

It is ordered, therefore, that the amended transcript be filed and that it shall for all purposes constitute the record on appeal.

Tyler, P. J., and Cashin, J., concurred.