[Civ. No. 2133. Fourth Appellate District.—October 22, 1937.]

OSCAR BIRKHOFER et al., Respondents, v. THEODORE KRUMM, Appellant.

Theodore G. Krumm, Martin J. Coughlin and R. Bruce Findlay for Appellant.

Ernest Clewe, Glensor, Clewe, Schofield & Van Dine and U. F. Lewis for Respondents.

JENNINGS, J.—This is a motion by appellant for diminution of the record for the purpose of supplying an alleged omission in the reporter's transcript which occurs in the answer of a witness to the following question: ''What was the value of the property described in the deed of trust, a copy of which is attached to the complaint in the pending action, on the 7th of October, 1935?'' The reporter's transcript shows that the answer to the interrogation was ''About $1500.00.'' This proceeding seeks to correct the answer so that it will read ''About $1500.00 an acre.''

The motion is supported by an affidavit of appellant's counsel to the effect that upon reading the reporter's transcript he discovered the omission of the two words ''an acre'' in the above-stated answer which appeared at page 138 of said transcript, whereupon he consulted the court reporter regarding the omission and was informed by said reporter that a check of his shorthand notes showed that the omission had occurred and that affiant then called the matter of the omission to the attention of the trial judge, whereupon the said judge and the court reporter caused a supplemental page 138 to be prepared correcting the answer of the witness by supplying the omitted words. In further support of the motion a document entitled ''Supplemental page 138 Reporter's Transcript'' has been filed. This document shows that the answer of the witness to the aforementioned interrogation was ''About $1500.00 an acre.'' Appended to said document is a certificate of the court reporter which states that the two words ''an acre'' were inadvertently omitted from the answer when the original reporter's transcript was prepared and filed and that the supplemental page 138 of said transcript is true and correct. Appended also to said

document is a certificate of the trial judge to the effect that he has examined the supplemental page 138 of the reporter's transcript and found that the words "an acre" had been omitted from the answer of the witness as said answer appeared in the original reporter's transcript and said judge desiring that the transcript shall be corrected certifies that said supplemental page 138 of the transcript is true and correct.

In opposition to the motion for diminution an affidavit of one of the counsel who represented respondents and was present at the trial of the action has been filed. This affidavit states in substance that in advance of trial the attorneys for respondents had secured evidence which related to the matter of the value of the property covered by the trust deed involved in the action at the time of the sale of said property under said trust deed and had determined not to introduce such evidence unless the evidence produced by appellant should tend to show that the value of the property exceeded the amount for which said property was sold pursuant to the provisions of the trust deed and that the evidence which counsel for respondents had thus procured would have tended to prove that the value of the property exceeded the amount bid therefor by a very small sum of money if in fact it exceeded the sum bid by any amount whatever; that the answer of the witness to the inquiry as to the value of the property as the same appears in the original transcript filed herein is precisely the answer which the witness returned and that no omission or error therefore appeared in said transcript; that affiant did not cross-examine the witness on the matter of value at the time of sale because the answer of the witness was the only evidence respecting value that was submitted by appellant; that a correction of the reporter's transcript as proposed by this motion will be prejudicial to respondents since the effect will be that respondents are deprived of the privilege of cross-examining the witness on the question of value and are further deprived of the opportunity of submitting the evidence which they had which would have contradicted the testimony of the witness and would have tended to show that the value of the property at the time of sale was approximately the amount which was bid therefor.

From the foregoing recital it is apparent that there is a direct conflict with respect to the fact of whether or not

the answer of the witness was correctly reported in the original reporter's transcript. It is apparent also that the preponderance of evidence is in favor of the motion. One of the chief reasons for the presence of a phonographic reporter at the trial of an action is to insure a correct recordation of the testimony of witnesses. The frailty of human memory is so well known that one must indeed be bold to place implicit reliance upon it in opposition to the shorthand notes of a disinterested expert whose duty it is to record with meticulous correctness the oral testimony of witnesses. In addition to the statement of the court reporter that an examination of his notes disclosed the omission, there is the certificate of another disinterested observer at the trial whose function it was to hear the testimony, to make findings of fact in accordance with the facts disclosed by the evidence and to render a judgment which in the ultimate analysis must depend upon and be supported by the evidence. In passing upon the disputed question of fact here presented we are entitled to indulge in the assumption that the trial judge listened with an attentive ear to the oral testimony submitted to him. His certificate expressly finding that the omission which this proceeding seeks to supply actually occurred has much weight.

Taking the bare categorical denial of omission contained in the affidavit filed on behalf of respondents, it is clear that the preponderance of evidence is, therefore, in favor of granting the motion. However, respondents, through the medium of the opposing affidavit, have set out certain matters which, it is claimed, indicate that favorable action on the motion will be prejudicial to them on the appeal. It is declared that if the motion is granted respondents are thereby foreclosed of the privilege which they would have had of cross-examining the witness and of producing evidence which they possessed which would have effectually contradicted the testimony of the witness as corrected and which would have shown that the value of the property at the date of sale on October 7, 1935, was approximately the sum of money for which it was sold, which was $7,500.

Casual examination of the transcript discloses that the property whose value here assumes importance was conveyed in trust on March 27, 1928, for the purpose of securing the payment of a promissory note of the same date in the prin-

cipal sum of $48,000, that in January, 1934, the principal amount represented by said note had been reduced to $30,500, that during the early part of the year 1934 certain negotiations took place between appellant and the attorneys representing respondents as a result of which respondents indicated their willingness to accept the sum of $20,000 in full settlement and compromise of their claim for $30,500. These negotiations apparently continued from the latter part of the month of December, 1933, until the offer of respondents to accept the smaller amount was withdrawn on April 30, 1934. The history of these negotiations furnishes some evidence respecting the value of the property during the period covered by the negotiations. In particular the withdrawal by respondents of their offer to compromise their claim for $20,000 on April 30, 1934, indicated a belief on their part that they had reasonable security for the debt due them. In the absence of any evidence showing a cataclysmic decline in value it is inconceivable that the value of property which was considered proper security for an indebtedness of $30,500 on April 30, 1934, would have shrunk to 5 per cent of the amount of such indebtedness in a period of 18 months. It is placing too great a strain on credulity to yield to the intimation of respondents that when the witness stated that the value of the property on October 7, 1935, was $1500 they understood him to mean that the figure given by him represented his opinion of the total value of the 27½ acres of land on which the evidence showed there was located an orange grove and that for this reason they carefully refrained from cross-examining the witness on the matter of value and from submitting the evidence as to value which they now declare they had assiduously collected prior to the trial of the cause. For this reason and indulging in the violent assumption that the answer of the witness was as respondents declare, their complaint of prejudice which they will suffer if the motion is granted is exceedingly unimpressive.

We do not understand that it is contended by respondents that this court lacks the power to grant the motion. Such contention if made would be untenable. (*McMahon* v. *Hamilton*, 202 Cal. 319 [260 Pac. 793]; *Webster* v. *Webster*, 216 Cal. 485, 492 [14 Pac. (2d) 522]; *Keck* v. *Keck*, 217 Cal. 280 [18 Pac. (2d) 338]; *Dugan* v. *Forster*, 101 Cal. App. 144 [281

Pac. 411] ; *Barnett* v. *Marsili*, 122 Cal. App. 609 [10 Pac. (2d) 472].)

The motion for diminution is therefore granted.

Barnard, P. J., and Marks, J., concurred.