JAMES F. HIBBARD, Respondent, v. WILLIAM W. CHIP-MAN and A. G. AUGENBAUGH, Appellants.

No. 774; February 18, 1856.

Venue—Change.—The Affidavits upon Which the Motion Below was made must, on appeal for alleged error of the trial court in re-fusing a change of venue, be embodied in the statement of the case or in a bill of exceptions.

Venue—Refusal to Change.—It is Proper for a Court, after an order refusing a change of venue, to proceed with the trial, not-withstanding notice of appeal from the order.

Landlord and Tenant.—A Tenant Who has Repudiated His Lease and set up title in himself cannot complain if he is made to pay damages as a trespasser.

APPEAL from Third Judicial District, Alameda County.

Sloan for respondent; Latham & Baldwin for appellants.

HEYDENFELDT, J.—We have no means of determining whether or not the court below erred in refusing to change the venue. There are loose affidavits sent up with the tran-scripts, which may have been used for that object; but they are not embodied in the statement of the case or bill of ex-ceptions, have no verity, and are no part of the record.

It was not error for the court to proceed with the trial after notice of an appeal from its decision refusing a change of venue. Such a course would be a most vicious practice. Every case in which one party sought delay would have to be

continued upon an application for change of venue, however frivolous or imperfect it may be presented.

The rule of damages as adopted by the court was correct. The defendants, after renouncing their tenancy, setting up title in themselves and refusing to pay rent under the lease, have no right to claim exemption from the measure of damages applied to all trespassers. They disclaimed the character of tenants, and therefore cannot now claim to hold under the lease.

The remaining points are frivolous and will not be further considered.

Judgment affirmed.

I concur: Murray, C. J.