[Civ. No. 3828. Third Appellate District.—September 24, 1929.]

KATHRYN H. ARMSTEAD, as Administratrix, etc., Respondent, v. FRED C. JACKSON et al., Appellants.

J. Hampton Hoge and Len H. Honey for Appellants.

Rich & Weis and Downey, Brand, Seymour & Dunn for Respondent.

PLUMMER, J.—This cause is before us upon the defendants' appeal from an order of the trial court granting the plaintiff's motion for a new trial on the ground of insufficiency of the evidence to sustain the verdict.

The action is based upon the alleged negligence of the defendant Fred C. Jackson, in driving an automobile in such a manner as to result in the death of A. H. Armstead, the husband of the plaintiff. The verdict of the jury was in favor of the plaintiff, sustaining the allegations of the complaint as to the negligence of the defendant Fred C. Jackson, but rendered damages in favor of the plaintiff in the sum of only $663.40.

Upon this appeal no question is tendered, no argument is made, and the court's attention is not called to anything in the record which would tend to show that the order of the court granting a new trial for the grounds stated is erroneous. The only question tendered for consideration upon this appeal is the alleged want of notice to the defendants of the time of hearing the plaintiff's motion for a new trial.

The clerk's record in this case shows the following papers: Affidavit of mailing of notice of appeal; affidavit of mailing notice that transcript be prepared; amended answer; amended complaint; certificate to judgment-roll; clerk's certificate to transcript; clerk's certificate; notice of appeal and affidavit of mailing; judgment; minutes on motion for new trial; minute order granting plaintiff's motion for new trial; notice of appeal; notice of intention to move for new trial; notice that transcript be prepared and notice of appeal; verdict. Nothing in the judgment-roll nor in any papers just referred to shows that the defendants did not have notice of the time and place of hearing of plaintiff's motion for a new trial. The minute order of the trial court relating to the hearing and submission of plaintiff's motion for a new trial does recite that counsel for the defendants were not present.

The reporter's transcript, as requested by the appellant, contains simply the testimony introduced upon the trial of the action, and was certified to as correct on the twenty-fifth day of March, 1929. So far as the record was made in the court below, there is not a word or syllable indicating that notice of the hearing of the motion for new trial was not given. In fact, appellants, in their briefs, do not claim that notice was not given, but only that notice, as required by section 1005 of the Code of Civil Procedure, was not given. Be this as it may, there is nothing in the record to support the contention of appellants in this particular. Whether the motion for a new trial was or was not heard by the trial court after due notice thereof, or whether the order granting the motion for new trial was improvidently made on the ground that no sufficient notice of the hearing of the motion for new trial, was never presented to the trial court for determination. No motion was ever made in the trial court to set aside the order granting the motion for a new trial on the ground that it was improvidently made

or upon the ground that no notice or sufficient notice of the time of hearing the motion was ever given to the appellants; the appeal is simply from the order granting a new trial. And the record, so far as made up and considered by the trial court, is a blank as to the subject of notice of the time of hearing of the motion for a new trial. ■■■ A novel proceeding appears to have been adopted in this case. Attached to the reporter's transcript is an affidavit made by one of the attorneys for the plaintiff and respondent, setting forth copies of a correspondence, consisting of a number of letters passing between the attorneys for plaintiff and the attorneys for the defendants relative to the hearing of the motion for a new trial. Following the affidavit of counsel and the letters referred to is an order of the trial court directing that copies of the affidavit and letters be made and attached to the reporter's transcript, to be used and considered by the District Court of Appeal. This order, if it could be considered for any purpose whatever, would show upon its face that the affidavit referred to and the copies of the letters attached thereto were never presented to the trial court for its consideration or upon any motion seeking to have the order granting the new trial vacated as having been made without sufficient notice of the time of hearing being given to the appellants. Section 670 of the Code of Civil Procedure specifies what papers shall constitute the judgment-roll. Notice of motion for a new trial is not included in the list. Section 952 of the Code of Civil Procedure sets forth the duty of an appellant in relation to presenting a bill of exceptions in appealing from a motion granting a new trial. This section refers to section 650 of the same code as to what shall be included in the bill of exceptions or statement showing that all matters which were considered by the trial court which the appellant desires to have considered upon appeal shall be set forth. Section 953 of the Code of Civil Procedure provides a method of bringing to the appellate court all papers used in the trial court which are not included in the record on appeal. As stated in section 233, volume 2, California Jurisprudence, page 486: "These papers must be authenticated as having been used on the hearing below, for only the papers used below constitute the record on appeal and not the papers on file." And as further set forth on page 601

of the same volume, section 325: "It is axiomatic that papers not properly authenticated as having been used in a hearing resulting in a judgment or order or decree cannot be considered on appeal. Where the record does not authenticate the papers used at the hearing below in the manner required by law, the appeal, if taken, whether under the old method or under the alternative method, is ineffectual." Further: "The obvious purpose of authentication is to show upon what evidence or papers the court below made its order, and thus enable the reviewing court to determine whether, upon the record as made before it, the court below was legally authorized to make the order complained of."

If, as contended for by appellants, notice was not given of the time of hearing the plaintiff's motion for a new trial as required by section 1005 of the Code of Civil Procedure, then as stated in Hayne on New Trial and Appeal, volume 1, page 859, section 164: "The proper proceeding is to move upon affidavits showing the facts, to have the order set aside as improvidently made." After referring to the fact that the record made up on the motion for new trial would not show the error complained of, it is then said: "But the fact that the party was deprived of a hearing can be shown by affidavits upon a motion to set aside the order. That such is the proper practice appears from the case of *Morris* v. *De Celis,* 41 Cal. 331, and *De Gage* v. *Lynch,* 42 Cal. 362." The cases referred to show that in this instance the defendants should have moved the court to set aside the order granting plaintiff's motion for a new trial on the ground that it was improvidently made for lack of sufficient notice, if such were the fact. Not having made any record in this case which we are authorized to consider, we are not at liberty to assume that the appellants did not have sufficient notice to present any defense they had or show any reasons to the trial court, if any existed, why plaintiff's motion for a new trial should not be granted.

It necessarily follows that the order of the trial court granting a new trial must be, and the same is, hereby affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 24, 1929, and a

730

petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1929.

All the Justices concurred.