[Civ. Nos. 6937, 7091. Second Appellate District, Division One.— May 19, 1932.]

R. H. GOLISH, Appellant, v. BOB FEINSTEIN, Respondent.

548

Frazier McIntosh for Appellant.

Samuel A. Miller and Paul J. Ziegler for Respondent.

YORK, J.—Two appeals have been prosecuted by the plaintiff in the above-entitled action, which appeals came to this court upon bills of exceptions.

The default of the defendant for failure to answer the second amended complaint was entered on the eleventh day of July, 1929; a judgment by default by clerk was entered in plaintiff's favor on the same day, and execution was placed in the hands of the sheriff. Thereafter, on the fifteenth day of July, 1929, defendant served and filed his notice of intention to move to vacate the said default judgment, and at the same time served his notice of intention to move for judgment on the pleadings, and to strike the second amended complaint. These motions came on to be heard in the law and motion department on the seventeenth day of July, 1929, at which time said motions were transferred by the judge therein presiding to the department of Judge Marshall F. McComb for hearing and determination. Before said motions were called for hearing, plaintiff presented to the court and filed with the clerk her verified objections to the hearing by Judge McComb of any further issue of law or fact, upon the ground of bias and prejudice of said judge. By stipulation, these objections were heard by Judge Falk and were by him denied; whereupon plaintiff immediately perfected her appeal from said order, which is appeal herein numbered 6937.

Judge McComb, notwithstanding the pendency of said appeal, proceeded to hear and determine all of defendant's motions, and granted the motion to set aside default, vacated the judgment, recalled the execution, struck out one

cause of action from the second amended complaint, denied a motion for judgment on the pleadings, and granted respondent ten days within which to answer. The second appeal numbered 7091 is prosecuted from said order.

Appellant contends that while Judge Falk found that no bias or prejudice "has been shown to exist", that this finding is insufficient and does not amount to a finding upon the direct issue as to whether or not bias or prejudice did exist, and that, in any event, there being no finding that bias and prejudice did *not* exist, the order denying appellant's objections is erroneous.

The burden was upon appellant to show that bias or prejudice existed on the part of the judge complained of, and in the absence of proof of that fact, the presumption is that no bias or prejudice actually existed, and a finding such as made herein is sufficient to uphold the order appealed from.

Appellant's grounds for her appeal (No. 7091) from the order made and entered in the case by Judge McComb are (a) lack of jurisdiction of the court; (b) that no mistake, inadvertence or excusable neglect were shown; (c) that the application was not made in good faith; and (d) that the court should have granted the motion for judgment on the pleadings.

In support of the first ground, appellant maintains that an appeal having been taken from the order denying appellant's objections to further proceedings before Judge McComb, the superior court had no jurisdiction to proceed further with the hearing of the motion to vacate the default judgment until the question of Judge McComb's qualification should be determined by this court. We are of the opinion that the proceeding by which appellant filed her objections to the hearing of defendant's motion by Judge McComb, and in which she requested that the matter be transferred to the department of another judge of said court, is analogous to a motion for change of venue, and that, therefore, the court had jurisdiction to proceed to hear the defendant's motion to vacate default judgment after the appeal had been taken from the order denying the disqualification of Judge McComb. The statement made by the court in the case of *Hibbard* v. *Chipman,* 1 Cal. Unrep. 16, to wit, "It was not error for the court to proceed

with the trial after the notice of appeal from its decision refusing a change of venue. Such a course would be a most vicious practice. Every case in which one party sought delay would have to be continued upon an application for change of venue, however frivolous or imperfect it may be presented,''—is applicable to the instant case.

Whether or not a default judmgent should be vacated under section 473 of the Code of Civil Procedure is a question that is clearly within the discretion of the trial court, and in the absence of a showing of abuse of such discretion, an order vacating such judgment will not be disturbed upon appeal.

No answer having been filed at the time the motion for judgment on the pleadings was made, there was no error made by the trial court when it denied such motion.

The orders appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.