[Civ. No. 14420. Second Dist., Div. One. Mar. 21, 1944.]

MIKE KRELING, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Leo V. Youngworth for Petitioner.

J. H. O'Connor, County Counsel, Douglas DeCoster, Deputy County Counsel, and Alfred Gitelsen for Respondents.

WHITE, J.—Petitioner seeks by prohibition to restrain the Superior Court in and for the County of Los Angeles, and Honorable Stanley Mosk, a judge thereof, from hearing and trying three certain actions now pending in that court, and in which actions petitioner is named as a party plaintiff or defendant. Petitioner contends that Judge Mosk is disqualified from proceeding with the trial of said actions on the ground that it is "probable that, by reason of bias or prejudice of such . . . judge . . . a fair and impartial trial can

not be had before him'' (subd. 5, sec. 170, Code Civ. Proc.).

The record before us reveals that on March 6, 1942, petitioner herein filed his complaint in action numbered 473943 for damages against Saul Walsh, Ann Walsh, Robert Wooltz and Mildred Wooltz, as defendants. Thereafter on April 15, 1942, the above named defendants commenced an action numbered 618380 against petitioner in the Municipal Court of the City of Los Angeles to recover certain rents allegedly due them. This last numbered action was later transferred to respondent superior court and filed therein under number 476334. By stipulation of the parties such action was consolidated with the first above named action numbered 473943.

On or about the month of June, 1943, petitioner herein filed his complaint in action numbered 483841 alleging forcible detainer after unlawful entry by defendants. The defendants in the action filed their answer and also set up an affirmative defense wherein it was alleged that all the parties to the litigation had entered into an oral agreement on the eighth day of January, 1943, and ''That by the terms of said agreement, plaintiff and these defendants did compromise all claims existing on the part of these defendants as against said plaintiff and on the part of said plaintiff as against these defendants, said plaintiff forever releasing, discharging and acquitting these defendants from any obligation or liability unto said plaintiff and these defendants forever releasing, discharging and acquitting said plaintiff from any obligation or liability unto these defendants.''

On June 12, 1943, petitioner herein, as plaintiff, filed action numbered 486038 against the above named defendants, grounded on the issue of alleged conversion of personal property. In their answer thereto, defendants again pleaded by way of a special defense the aforesaid oral agreement of mutual compromise of all claims.

The litigation embraced within all of the above mentioned actions arose out of a certain written lease entered into by petitioner herein as lessee and the parties heretofore designated as defendants in certain of the actions above enumerated, and under the terms of which lease, the named defendants demised unto petitioner for the term of ten years and seventeen days, certain real property improved with ''a gasoline super service station for the sale of gasoline, fuel motor oils, tires and similarly allied products and commodities,'' and upon which there was being operated a going busi-

ness. The total consideration involved in the lease transaction was $75,342.72, payable in certain stipulated installments.

On November 5, 1943, petitioner herein filed in respondent court his "Notice of Motion" to set the above named cases for trial in the following order: (1) action numbered 483841 for forcible detainer after alleged unlawful entry by defendants; (2) action numbered 486038 for conversion of personal property; (3) action numbered 473943 for fraud. This last named action, as heretofore indicated, was by mutual consent consolidated for trial with action numbered 476334, originally filed in the municipal court and transferred to respondent court.

On November 12, 1943, all of the aforesaid actions were duly and regularly assigned for trial to Department 37 of respondent court, before Honorable Stanley Mosk, judge, presiding therein. Upon the calling of said actions for trial, Judge Mosk granted the motion of petitioner that the cause be tried in the order requested in petitioner's aforesaid "Notice of Motion."

Thereupon, over petitioner's objection, the court granted defendants' motion that all of the testimony received in action numbered 483841, the first to be tried, might be deemed introduced into evidence in the remaining actions numbered 486038, 473943 and 476334 insofar as such evidence should prove competent and material to the issues raised in the last named actions. Pursuant to the provisions of section 597 of the Code of Civil Procedure, the court directed that in the trial of the first case, numbered 483841, the issues raised by the affirmative defense pleaded by defendants be tried first.

At the conclusion of the trial upon the affirmative defense pleaded by defendants, the court, in action numbered 483841, announced its decision in favor of defendants and against petitioner, and in such decision the court declared: "I am convinced that there was a sufficient and complete agreement reached, a full and complete agreement reached at the Court House on January the 8th by all parties; and it was not for the creation of an interest in realty, but for cancellation of the existing interest; and the cases are clear that they need not be in writing. Further, I am convinced that plaintiff Kreling (petitioner herein) approved the agreement that was reached at the Court House." It is, therefore, at once

apparent, argue respondents, that the court's finding in favor of defendants that the oral agreement, which furnished the basis of the defendants' special defenses, decided that by such agreement the parties had effectively and decisively compromised their claims against each other and that such finding was necessarily conclusive not only of the action on trial, numbered 483841, but of the remaining and untried actions numbered 473943, with which action numbered 476334 was consolidated.

Following the rendition of the court's decision, petitioner herein filed his ''Petition for Change of Judge'' under the provisions of subdivision 5 of section 170, Code of Civil Procedure. In his application for change of judge, petitioner did not, nor does he now, seek to disqualify Judge Mosk from proceeding further in case numbered 483841 in which a decision was announced, but is attempting to prevent said judge from presiding at the trial of the remaining cases which are now pending in his department of respondent court.

Upon the denial of his application to disqualify Judge Mosk by respondent court, petitioner sought the writ with which we are here concerned. Upon the return day fixed in the alternative writ issued by us, respondents appeared by demurrer to, and a motion to strike therefrom certain portions of the petition. At the oral argument it was agreed that in the event respondents' demurrer was overruled, and when the motion to strike was determined, respondents should have additional time within which to file an answer to the petition for a writ, should they be so advised.

Petitioner's application for change of judge was primarily based upon claimed bias and prejudice of Judge Mosk by reason of certain statements made by him when rendering his decision upon the aforementioned affirmative defense urged in the trial of case numbered 483841. In answer to the ''Petition for Change of Judge,'' Honorable Stanley Mosk filed his affidavit denying any bias or prejudice. The parties being unable to agree upon a judge to hear and determine the question as to the qualifications of Judge Mosk, the chairman of the judicial council appointed and designated Honorable Myron Westover, presiding judge of respondent court, to conduct such hearing. Judge Westover ruled that Judge Mosk was not disqualified and denied the ''Petition for Change of Judge.'' The decision of Judge Westover resulted in the present petition for prohibition,

which is based on the theory that Judge Mosk is disqualified, as a matter of law, from presiding at the trial of the aforesaid remaining and untried cases.

A very considerable portion of the petition for prohibition herein is based upon the claim that Judge Mosk is disqualified because of erroneous rulings made by him upon the admission and rejection of evidence, and because of claimed errors of law allegedly committed by said judge in deciding the affirmative defense in favor of the defendants and against petitioner. We shall not give consideration to such claims because of our belief that the alleged errors of law, and the ruling of the trial judge on the affirmative defense adverse to petitioner herein, do not constitute sufficient grounds for disqualification of said judge. ■ A judge is not disqualified to again hear a case because of an expression of opinion by him upon a question of law. It has also been held that a judge is not disqualified by a statement of his belief as to the guilt of a person charged with an offense before him. (*Evans* v. *Superior Court,* 107 Cal.App. 372 481 [290 P. 662].) ■ Erroneous rulings against a litigant, even when numerous and continuous, form no ground for a charge of bias and prejudice, especially when they are subject to review on appeal. ■ Petitioner's claim that the conduct and statements of the judge indicate that he had formed an opinion regarding the legal questions which had been presented in the case does not entitle him to a change of judge, for it does not measure up to that prejudice against a litigant which the statute contemplates as a basis for disqualifying a judge. ■ Petitioner's claim that in finding facts Judge Mosk fell into error by basing his conclusions upon inadmissible evidence or upon an erroneous view of the law, while it may constitute sufficient ground for a reversal of the judgment, will not support a charge of disqualification under section 170 of the Code of Civil Procedure. (*Evans* v. *Superior Court, supra; Fishbaugh* v. *Fishbaugh,* 15 Cal.2d 445, 457 [101 P.2d 1084] ; *Estate of Friedman,* 171 Cal. 431 [153 P. 918].)

However, the rules which we have just announced are not conclusive of the situation in its entirety as presented to us in the instant case. In the remaining untried cases Judge Mosk will be called upon to pass upon the issues of fact, and, according to the petition on file herein, the evidence upon these issues of fact will, without doubt, be conflicting. In his

petition for a writ of prohibition herein, petitioner alleges, and the reporter's transcript shows, that in rendering his decision upon the affirmative defense in action numbered 483841, Judge Mosk expressed himself of and concerning petitioner herein, as follows: "secondly, Kreling, the plaintiff was confused and uncertain; and he is apparently a man who is inherently indecisive . . . every time any of these matters (referring to the contents of the oral agreement and the unsigned written version thereof) were put up to him on the stand, he said these people were acting without his consent, that is, all except Kelly . . . in other words, it was a big conspiracy, and I cannot believe it was . . . I think the whole thing with Kreling was that he anticipated the inventory would show more than it actually did . . . and, so, he tried to repudiate his word from that point on." We have set forth sufficient of the remarks made by the trial judge to indicate his state of mind at the time he made them, of and concerning petitioner. The latter contends that Judge Mosk has clearly made it appear that it is "probable that by reason of bias or prejudice . . . a fair and impartial trial cannot be had before him" of the remaining causes pending in his department of respondent court for the reason that by his statements Judge Mosk has shown that he will start the trial of such cases with the settled conviction that "petitioner was without self-possession; was mixed and likely to mistake one thing for another; that he, your petitioner, would become confused and would fail to discriminate and would make false identification; that he, your petitioner, would mix and jumble things together indiscriminately in his mind and mistake one thing for another and to so mingle things in his mind that they would be indistinguishable and disordered; that your petitioner would so intermix things in his mind that they could no longer be distinguished and that such mingling or mixing suggests absolute confusion and mental disorder; that your petitioner was wavering, unconstant and unsettled; that your petitioner was prone to indecision; that your petitioner was possessed of an indecisive state of mind, and that he, your petitioner, was an indecisive character; that your petitioner would repudiate his word; that your petitioner tried to repudiate his word in connection with the proceedings in the action No. 483841; that your petitioner as plaintiff in action No. 483841 testified falsely, was dishonest, given to deceit, was treacherous and not faithful

or loyal to his obligations; that your petitioner was unworthy of belief; and that he, the Honorable Stanley Mosk, had made up his mind and did not and would not believe the testimony of your petitioner notwithstanding that your petitioner had sworn to tell the truth and nothing but the truth in consolidated actions Nos. 473943 and 476334, and Actions No. 483841 and No. 486038.''

In answer to respondents' claim that the judge designated by the chairman of the judicial council having decided upon conflicting evidence that Judge Mosk was not disqualified, such determination is final, it may be conceded that where the claimed disqualification of a judge is a question of fact and the facts are in conflict, the conclusion arrived at by the judge, assigned to pass upon the question, is final and conclusive under the established rule that appellate tribunals are bound by the determination of the trier of facts, predicated on conflicting evidence. However, when there is no substantial conflict in the facts, and the proceeding being before us on demurrer, we must assume the truth of the facts alleged, then the question of disqualification is one of law, and prohibition will lie. (*Briggs* v. *Superior Court*, 215 Cal. 336, 342 [10 P.2d 53].)

When the statements of Judge Mosk are read as a whole, it seems to us that the only reasonable conclusion to be drawn therefrom is that said judge meant to assert and charge, and did charge, that the petitioner was ''confused and uncertain; that he is apparently a man who is inherently indecisive; that he is a man who would and did repudiate his word once given; that he is unworthy of belief, and unfaithful to his obligations.'' True, as urged by respondents, Judge Mosk in his affidavit disavowed any bias or prejudice upon his part toward petitioner. But this is not sufficient to create a conflict in the evidence. The very legislative act with which we are here concerned, by its terms, deprives the challenged judge of the power of passing upon his own state of mind. If the statement of the challenged judge concerning his state of mind be held binding and conclusive, then he himself would in effect be passing upon the question of his own qualifications. This is forbidden by both the spirit and the letter of section 170 of the Code of Civil Procedure. Therefore, the state of mind of the challenged judge must be determined from what he said or did

and not by what he may think and aver his state of mind to be. (*Briggs* v. *Superior Court, supra.*) We do not wish to be understood as holding that the affidavit of the challenged judge may not, under any circumstances, be considered by the judge assigned to pass upon the issue of bias or prejudice, as to the existence of such bias or prejudice, but that in the instant case, the undisputed remarks by Judge Mosk, of and concerning petitioner, sustain a charge of bias and prejudice. ■ In view of the declarations made by the trial judge concerning petitioner, we are persuaded that it is not fair either to Judge Mosk or to petitioner that the former should preside at the trial of the remaining cases in which petitioner is a party litigant. ■ Where the trial judge acts as the trier of both the facts and the law, his qualifications, insofar as bias and prejudice are concerned, are more or less analogous to the qualifications of a juror. (*Evans* v. *Superior Court, supra,* at page 381.) Can there be any doubt that if a prospective juror had spoken of and concerning petitioner as did Judge Mosk, that such juror not only should but would be disqualified, notwithstanding that such juror should assert his ability and willingness to give to the parties a fair and impartial trial. As to the character of bias and prejudice which may disqualify a judge, see *Evans* v. *Superior Court, supra,* and *Briggs* v. *Superior Court, supra.* ■ Under the theory of the cases just cited and the principles therein stated, we must conclude that as a matter of law, Judge Mosk is disqualified because he has admittedly expressed an opinion as to the lack of credibility of the petitioner herein, and that, therefore, the latter is clearly entitled to the writ he seeks.

■ Petitioner also relies upon statements made by Judge Mosk as to the credibility and reliability of one Kelly, who appeared as a witness for petitioner at the trial of action numbered 483841. Such expressions amounted merely to an opinion concerning the veracity of a witness. To disqualify a judge, a prejudice must be against a party. (*Evans* v. *Superior Court, supra,* at page 379; *People* v. *Sweet,* 19 Cal.App. 2d 392, 396 [65 P.2d 899].)

■ Finally, as heretofore indicated, respondents contend that an order having been made upon the commencement of the trial, whereby it was ordered that all evidence offered and received at the trial of action numbered 483841 should be deemed received into evidence and considered, insofar as

such evidence should be competent and material, in the remaining actions, and all evidence having been introduced in action numbered 483841 upon the affirmative defense, and the court having announced its decision thereon, and said affirmative defense also having been pleaded in action numbered 473943, with which action numbered 476334 was consolidated, that the decision rendered in case numbered 483841 necessarily became the decision upon the affirmative defense and was decisive of case numbered 473943, with which action numbered 476334 was consolidated. That, therefore, the "Petition for Change of Judge" was filed too late. In this contention respondents cannot be upheld. A complete answer to their claim is contained in the statement made by the trial judge at the inception of the trial of case numbered 483841, when, after granting petitioner's motion to try the several cases in a particular order, the court said: "First will be No. 483841; second, 486038; third, 473943. *I can not at this time determine whether the same affirmative defense will bar all three causes of action; and therefore we will hear them separately and individually.*" With reference to the time when objection must be made to the qualifications of a judge, section 170 of the Code of Civil Procedure provides: "The statement of a party objecting to the judge on the ground of his disqualification, shall be presented at the earliest practicable opportunity, after his appearance and discovery of the facts constituting the ground of the judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such judge." In view of the state of the record as just narrated, it is unnecessary to consider further respondents' point as to the reasonableness of the application to disqualify Judge Mosk, for it is plainly to be seen that such application was filed as soon as the alleged bias and prejudice were ascertained by petitioner, and that there could not possibly have been a claim of bias and prejudice made by petitioner prior to the conclusion of trial in case numbered 483841 because any grounds for such a claim originated in, grew out of, and was founded upon the opinion delivered by Judge Mosk in deciding action numbered 483841.

From what we have herein stated, it follows that respondents' demurrer on the ground "that neither the petition nor any part thereof states facts sufficient to constitute a

cause of action for the issuance of a writ of prohibition" must be overruled.

We shall now proceed to a consideration of respondents' motion to strike therefrom certain portions of the petition herein filed for a writ on the ground that the same are irrelevant and redundant. In that regard such motion is granted as to: (1) The entire of paragraph X, commencing with line 19, page 4 to line 3, page 5 of said petition; (2) The entire of paragraph XI, commencing with line 6, page 5 to line 17, page 5 of said petition; (3) The entire of paragraph XIV, commencing with line 11, page 6 to line 14, page 8 of said petition; (4) The entire of paragraph XV, commencing with line 16, page 8, to line 1, page 9 of said petition; (5) The entire of paragraph XX, commencing with line 25, page 11 to line 24, page 12 of said petition; (6) The entire of paragraph XXI, commencing with line 26, page 12 to line 10, page 13 of said petition; (7) The entire of paragraph XLII, commencing with line 10 of page 26 to line 25 of page 26 of said petition; (8) The entire of paragraph XLIII, commencing with line 2 of page 27 to line 18 of page 27 of said petititon; (9) The entire of paragraph LIX, commencing with line 9 of page 48 to line 17 of page 48 of said petition; (10) That portion of paragraph LX, commencing with the word "That" on line 7 page 49, to the number "483841" on line 13 page 60 of said petition; (11) The entire of paragraph LXIII, commencing with line 8, page 63 to line 11, page 63 of said petition; (12) The entire of paragraph LXVIII, commencing with line 4, page 65 to line 12, page 65 of said petition; (13) The entire of paragraph LXIX, commencing with line 14, page 65 to line 23, page 66 of said petition; (14) The entire of paragraph LXX, commencing with line 24, page 66 to line 10, page 68; (15) Subparagraph 4 of paragraph LXXI, commencing with the word "That" on line 24, page 68, to and including the word "Complaint" on line 15, page 69 of said petition; (16) The entire of subparagraph 5 of paragraph LXXI, commencing with the word "That" on line 16, page 69, to the number "476334" on line 19, page 69; (17) That portion of subparagraphs 6 and 7 of paragraph LXXI, reading as follows: "That the damages suffered by plaintiff: a. As alleged in action 473943 (Fraud) was and is in the sum of $61,192.83; b. Money belonging to Mike Kreling erroneously attached by Saul Walsh, et al., Action No. 476334, was and is the sum of $5,322.19; c. Value of personal property of Mike Kreling

wrongfully converted by defendants Saul Walsh, et al., was and is the sum of $2,224.50.''; (18) That portion of paragraph LXXII, reading: ''That your Petitioner, having waived a Jury Trial in Action No. 486038 and the consolidated actions Nos. 473943 and 476334, has petitioned the Superior Court of the State of California, in and for the County of Los Angeles to grant to Mike Kreling, plaintiff and defendant in consolidated actions Nos. 473943 and 476334, and plaintiff in action No. 486038, for trial by jury. That the granting of said petition is in the discretion of the Honorable Judge hearing these actions.'' In all other respects said motion to strike is denied.

For the foregoing reasons the demurrer of respondents is overruled and the motion to strike is granted in part and denied in part as hereinabove set forth. Within fifteen days after the filing of this decision, respondents may, if they so desire, file their answer to the petition herein for a writ of prohibition.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied April 13, 1944.