[Civ. No. 14823. Second Dist., Div. Three. Dec. 28, 1945.]

FRED H. BIXBY, JR., Appellant, v. KATHARINE BIXBY HOTCHKIS et al., Respondents.

A. Brigham Rose for Appellant.

Sherman Anderson, Newlin, Holley, Sandmeyer & Coleman and Newlin & Ashburn for Respondents.

370

SHINN, J.—The present action was one for the conversion of 10,703¾ shares of the capital stock of Fred H. Bixby Company. The action, numbered 463102 in the superior court, was instituted April 11, 1941, and at that time there were on trial two other actions brought by plaintiff, numbered 458012 and 458013, the history of which, so far as pertinent here, is stated in our decision of appeals numbered 14859 and 14860, this day filed (*post*, p. 375 [164 P.2d 804]), and in the opinion in *Bixby* v. *Hotchkis,* reported in 58 Cal.App.2d 445 [136 P.2d 597]. One of those actions was for the recovery from Katharine Bixby Hotchkis of the shares of stock in the Bixby Company which, by the complaint in the instant action, were alleged to have been converted by said defendant. The other action was for the recovery of dividends on the stock which had come into the hands of Mrs. Hotchkis as trustee. After the institution of the present action Mrs. Hotchkis filed an amendment and supplement to cross-complaint in the two actions which were then on trial, in which the institution of the present action was alleged, together with the fact that said action raised the same issues as the cross-complaints of Mrs. Hotchkis and the answers of Fred H. Bixby, Jr. thereto which were then on trial. As appears from the opinion upon the other appeal, this day filed, the judgments in superior court actions 458012 and 458013 established the validity of the trust, under which Mrs. Hotchkis held title to the stock as trustee. The question was properly before the court in the actions that were tried, as to whether Fred H. Bixby, Jr. had any interest in the stock other than as the beneficiary of the trust, and the judgments determined that he had no other interest. ■ That determination, that Mrs. Hotchkis held title as trustee, necessarily defeated plaintiff's claims that he was entitled to the possession of the stock and the dividends thereon and the claim asserted in the instant action that the stock had been converted by Mrs. Hotchkis. The court found: "It is not true that cross-complainant has converted to her own use or at all the whole or any of said 10,703¾ shares of stock or the certificates representing same." It was further found that Mrs. Hotchkis had not taken or withheld or detained all or any of said shares of capital stock at any time or in any manner except as trustee of said trust. Those judgments were affirmed (*Bixby* v. *Hotchkis* (1943), 58 Cal.App.2d 445 [136 P.2d 597]) and became final. They were therefore a conclusive

adjudication adverse to plaintiff herein of his asserted claim that the stock had been converted by Mrs. Hotchkis. After the judgments had become final, the plea of res judicata was interposed by amendment and supplement to answer of Mrs. Hotchkis and of defendants Fred H. Bixby Company and Sherman Anderson in the present action. The latter two parties were defendants in action 458012, Mrs. Hotchkis a defendant in both former actions. The case was tried upon the issue of res judicata pursuant to section 597 of the Code of Civil Procedure. The special defense was sustained by findings and judgment, and plaintiff has appealed from the judgment.

Although the appeal from the judgment is upon the judgment roll, and the evidence is not before us, we have taken notice of the judgment rolls in the former actions, because the judgments in those actions are set out in the amended and supplemental answer of Mrs. Hotchkis and it is conceded in the briefs that the judgment rolls were in evidence upon the trial of the plea of res judicata. The judgment rolls themselves conclusively sustain the decision. ■ If there were any question about that, we would have to assume that there was sufficient evidence to sustain the plea, since the judgment recites that proof was made to the satisfaction of the court, and appellant has taken no steps to bring up the evidence.

■ The identical question in issue in the present case, namely, the alleged conversion of the stock by Mrs. Hotchkis, having been determined adversely to plaintiff by final judgments between the same parties litigating in the same capacity, was not subject to reexamination and redetermination. (15 Cal.Jur. 97.) The plea of res judicata was properly sustained.

■ A claim of error is predicated upon the denial of a continuance of the trial. The ground for continuance which was advanced was that on October 20, 1943, when the case was called for trial, plaintiff's attorney was engaged in the trial of a case in the municipal court which had been commenced October 19. Notices of trial were served October 4 and October 13, 1943. On October 20, plaintiff's attorney was represented by another attorney for the purpose of requesting a continuance and the trial judge, Honorable Emmet H. Wilson, ruled that the trial could proceed immediately or, if the attorneys for defendants and cross-complainants

preferred, would be continued until 2 p. m. of the same day. The attorneys elected to proceed at the later hour and did so proceed. Mr. Angelillo, who was the representative of plaintiff's attorney, Mr. Rose, had been advised upon the 19th that defendants' counsel would oppose any continuance. It appeared from the affidavits that Mr. Rose made no attempt to obtain a continuance of the municipal court trial or to obtain leave to absent himself therefrom in order to appear before Judge Wilson. It was stated in an affidavit of Honorable Arthur Guerin, judge of the municipal court, that when he learned that Judge Wilson had been inquiring for Mr. Rose, he telephoned Judge Wilson and informed him that the trial in the municipal court would probably be concluded before noon of that day, and it further appears from the affidavit that Judge Guerin stated to Mr. Rose that, ''In view of the circumstances, I would be inclined to cooperate in the case on trial,'' but that Mr. Rose said, in substance, ''No, we will go ahead in this case,'' and that the trial thereupon proceeded. Judge Wilson no doubt believed, from an examination of the record which was before him on the motion, that only a question of law would be presented at the trial. While the facts alleged as the basis of the plea of res judicata were deemed to be denied, the fact that plaintiff would have had an opportunity to prove that the pleaded judgments had not been rendered, as alleged, or that they had not become final, did not mean that he would attempt to do so. There was, in fact, only the issue of res judicata to be determined. There was no abuse of discretion in denying the continuance. (*Miller* v. *Miller* (1945), 26 Cal.2d 119 [156 P.2d 931]; *People* v. *Maddox* (1944), 65 Cal.App.2d 45 [149 P.2d 739]; *Flynn* v. *Fink* (1923), 60 Cal.App. 670 [213 P. 716].)

█ Appellant made a motion to vacate Judge Wilson's judgment, pursuant to section 473 of the Code of Civil Procedure, and this was denied by Judge Bartlett. Appellant has had certain of the proceedings on this motion incorporated in the record and the remainder was called for by respondents. It does not appear from that record that plaintiff herein had a meritorious defense to the plea of res judicata. There was no showing made on the motion to vacate the judgment that plaintiff's rights were prejudiced by reason of the absence of his counsel from the trial.

█ The next point for consideration arises out of a proceeding to have Judge Wilson disqualified to rule on a motion

for new trial. The judgment was entered October 25, 1943. Notice of entry of judgment was served on plaintiff's attorney October 27. On November 6 plaintiff filed his notice of intention to move for a new trial. The hearing on the motion was set for December 8, and on that day plaintiff filed an affidavit which purported to state grounds of disqualification of Judge Wilson to rule upon the motion. Judge Wilson filed an answering affidavit on December 13 and Honorable Myron Westover was designated by the Judicial Council to hear and decide the question of Judge Wilson's alleged disqualification. Judge Westover made an order holding Judge Wilson not to be disqualified to rule upon the motion, and Judge Wilson subsequently denied the motion. An appeal was taken by plaintiff from the order of Judge Westover and is before us for decision. The ground urged for reversal of that order is that Judge Westover considered and ruled upon the charge of disqualification in the absence of, and without notice to, plaintiff's attorney. It does not appear from the record that notice of the time and place when Judge Westover would hear and rule upon the matter was not given. While this, in itself, would be a sufficient ground for affirming the order (*Armstead* v. *Jackson* (1929), 100 Cal.App. 725 [280 P. 1028]), we do not adopt it, for the reason that to do so would imply that notice is necessary. We are of the opinion that it was not necessary that the parties have notice of the time and place when Judge Westover would consider and decide the matter of the alleged disqualification or that appellant be given an opportunity to offer further evidence or argument in the matter. It is incumbent upon one who challenges the qualification of a judge in an action or proceeding to "present to the court and file with the clerk a written statement objecting to the hearing of such matter or the trial of any issue of fact or law in such action or proceeding before such judge, and setting forth the fact or facts constituting the ground of the disqualification of such judge." (Code Civ. Proc., § 170.) The judge may then within five days file either his consent in writing that the action or proceeding be tried before another judge, or his written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his disqualification. The statement and also the answer must be verified by oath in the manner prescribed for the verification of pleadings. Section 170 provides that the

question of disqualification ''shall be heard and determined'' by some other judge, if one is agreed upon, or by one requested to act by the chairman of the Judicial Council if the parties fail to agree. The judge selected by the parties or appointed by the chairman of the Judicial Council has only to decide the question of disqualification and the manner in which he goes about it is left to his discretion. No form of trial or other formal procedure is directed and none is to be implied. It is a summary proceeding in which the several steps must be taken within the brief periods specified therefor. The evidence to be considered is recorded before the judge is selected, evidence or for a formal presentation by motion, with or with- and consists of the verified statement and the answer. Since there is no provision in the statute for the receipt of other out argument, an ex parte consideration of the evidence is indicated as the proper procedure. If the course of proceeding be not specifically pointed out by code or statute for the exercise of jurisdiction, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the code. (Code Civ. Proc., § 187.) The proceedings to be taken in the matter of alleged disqualification are clearly intended to be such as will avoid unnecessary formality and delay. The cases relied upon by appellant which relate to the giving of notice are not in point. They dealt with situations in which there had been failure to comply with specific statutory requirements for notice.

Respondents also rely upon other grounds for affirmance of the order. One of these is that plaintiff's verified statement did not state facts sufficient to show that Judge Wilson was disqualified to rule upon the motion. There appears to be merit in this contention. The statement consists largely of conclusions and deductions drawn by plaintiff from adverse rulings which the judge had made. The answer of Judge Wilson contained general and specific denials of the existence of prejudice and of all facts from which prejudice could reasonably be inferred. There was ample evidence before Judge Westover to support his finding that Judge Wilson was not disqualified. It is therefore unnecessary to pass upon the legal sufficiency of plaintiff's statement or to discuss the other points urged in support of the correctness of the order.

Appellant's assertion that he was refused a jury trial

is without merit for the reasons (1) he did not demand a jury, and (2) he was not entitled to one.

The judgment and the order holding that Judge Wilson was not disqualified, and the order denying motion for new trial (from which an appeal, ordinarily, may not be taken) are affirmed.

Desmond, P. J., and Wood, J., concurred.

A petition for a rehearing was denied January 22, 1946, and appellant's petition for a hearing by the Supreme Court was denied February 21, 1946.