[Civ. No. 13639.   First Dist., Div. One.   Oct. 13, 1948.]

JOSEPH L. RYAN, Appellant, v. ALEXANDER JOHN WELTE, as Executor, etc., et al., Respondents.

L. L. James and Carl E. Day for Appellant.

R. J. Dolwig and Antonio J. Gaudio for Respondents.

BRAY, J.—Appeal[1] from order overruling plaintiff's objections to a hearing of an action to establish a trust, and to the trial of any issue of fact by Honorable Aylett R. Cotton.

On November 16, 1946, plaintiff filed a complaint against defendants in the Superior Court of San Mateo County, to establish a trust in his favor as to an undivided half interest in the estate of Daniel McSweeney, deceased, then in course of probate in the same court. The case was assigned to the department in which Judge Cotton regularly presided. On December 9, 1946, defendants demurred generally and specifically to the complaint. The demurrer was argued, briefed and submitted and on March 6, 1947, Judge Cotton ordered "Demurrer sustained, ten days to amend. Probate Court has exclusive jurisdiction. Complaint fails to state a cause of action.''

On March 18, 1947, plaintiff filed an amended complaint, substantially the same as the original complaint, to which defendants again generally and specially demurred. This demurrer was sustained by Judge Cotton. Later, a second amended complaint was filed, again substantially the same as the first complaint, to which Judge Cotton sustained a demurrer without leave to amend.

On March 31, and before the hearing on the demurrer to the first amended complaint, plaintiff, pursuant to section 170 of the Code of Civil Procedure, commenced these proceedings to disqualify Judge Cotton from further participa-

---

[1]Consolidated with the appeal from judgment on the pleadings rendered by Judge Cotton in favor of defendants. See No. 13703, *post*, p. 897 [198 P.2d 357].

tion in the case, on the grounds of alleged bias and prejudice, by filing "Objections to Hearing of Matter by Honorable Aylett R. Cotton." Judge Cotton filed an "Answer to Objections" to which a reply was filed by plaintiff's attorney, James. Honorable Clark Clement was assigned to hear the objections, and after a hearing, he overruled plaintiff's objections. This appeal is from that order. In his notice to prepare transcript, plaintiff requested the inclusion, in addition to the pleadings on the proceedings to disqualify, of all the other pleadings and the minute orders of Judge Cotton. These were included in the transcript, but on motion of defendants, Judge Cotton ordered these additional matters stricken from the transcript. An application to this court for augmentation of the record, to include these matters, was granted, and the entire record is now before this court.

Plaintiff contends, first, that the answer filed by Judge Cotton was unverified and therefore constituted an admission of the charges of bias and prejudice made by plaintiff in his verified objections; and that the record shows that plaintiff cannot have a fair and impartial trial before Judge Cotton.

### Answer Was Sufficient

■ The answer of Judge Cotton filed on April 3 did not contain a verification. It was in the form of an affidavit and sworn to before a notary public. In the reply thereto of Attorney James, filed on April 10th, the contention was made that the answer did not constitute an answer in law, because it was unverified. On April 17th, Judge Cotton subscribed to a verification, which in the transcript follows the answer filed on April 10th. It bears no filing mark.

Subdivision 5 of section 170 of the Code of Civil Procedure provides that in a proceeding of this kind the judge may file his answer within five days after the filing of the objections, and that such answer "shall *be verified* by oath in the manner prescribed by section 446 of this code for the verification of pleadings." (Emphasis added.) Plaintiff contends that because his answer was unverified, Judge Cotton, under the authority of *Rosenfield* v. *Vosper,* 70 Cal.App.2d 217 [160 P.2d 842], which holds that the requirement of filing an answer within five days is mandatory, became automatically disqualified. We agree with the position taken by the court in that case, for while it held that the five-day requirement is mandatory, it also rejected an objection to the plaintiff's affidavit not being verified but in the identical form of the

one here, and held that a notarized affidavit is sufficient compliance with section 170, and "in form more forceful than the oath made in the verification." (P. 224.) Moreover, as hereafter pointed out, plaintiff's own pleadings do not show bias or prejudice.

## Was Judge Cotton Disqualified?

To determine this question requires an analysis primarily of the statements contained in the objections of plaintiff and the reply of Attorney James. There is a conflict between them and the answer of Judge Cotton as to the conversations between the judge and Attorney James, which the trial judge, Judge Clement, resolved in favor of Judge Cotton. Under well-established rules[1] this court is bound by Judge Clement's findings on such conflict. However, disregarding entirely Judge Cotton's reply, the showing made by plaintiff was not sufficient to establish any bias, prejudice or disqualification of the judge.

A statement of the cause of action alleged in the complaints filed by plaintiff is set forth in the opinion on the main appeal heretofore referred to. It is unnecessary to detail it here. It is sufficient to say that plaintiff's cause of action is to establish a trust in favor of plaintiff in certain real properties, based on an oral agreement alleged to have been made by the decedent, of whose estate defendants are executor and executrix respectively. Defendants are also joined in their individual capacities, because under the will of Daniel McSweeney, made in claimed violation of the oral agreement upon which the alleged trust is based, they will receive, and under deeds made by Daniel to them in his lifetime, in claimed violation of said agreement, they have already received, some of the properties upon which plaintiff is endeavoring to impress a trust.

The substance of plaintiff's objections follows: After Judge Cotton had sustained the demurrer to the original complaint, Attorney James called upon him in his chambers "and stated that, in view of the fact that permission had been granted to amend plaintiff's complaint he was uncertain in what respects the amendments should be made in view of the fact that the order sustaining demurrer, according to the written notice thereof, was based, at least in part, on the theory that the Probate Court had exclusive jurisdiction. That thereupon said Honorable Aylett R. Cotton stated that plaintiff had no cause of action, that the plaintiff could not amend his com-

---

[1]See *Kreling* v. *Superior Court,* 63 Cal.App.2d 353 [146 P.2d 935].

plaint to satisfy said judge; that if an amended complaint was filed he would sustain any demurrer interposed thereto, that plaintiff had no right to recover because an agreement such as alleged in plaintiff's complaint was required to be in writing; and that granting the right to amend the complaint was a courtesy only.'' After plaintiff filed his first amended complaint, Attorney James again called upon the judge, and ''stated that, in view of·said judge's fixed opinion in this matter and his statement that he would sustain any demurrer interposed to said first amended complaint, it was idle for plaintiff to proceed with the case before said Honorable Aylett R. Cotton, and requested that some other judge be called in to hear the arguments on any demurrer interposed to said first amended complaint, and also hear all subsequent matters in said action; and that said Honorable Aylett R. Cotton refused to call in some other judge, stating that what he had previously said with reference to said action, and the merits thereof, 'is my opinion.' ''

The reply of Attorney James, after denying certain portions of Judge Cotton's versions of the conversations as given in the answer, avers that the judge ''stated categorically that an agreement such as that pleaded had to be in writing'' and that Judge Cotton ''reiterates his opinion that the agreement upon which plaintiff's complaint is based must be in writing, although the Supreme Court of the State of California has unequivocally held to the contrary in the case of *Notten* v. *Mensing,* 3 Cal.2d 469 [45 P.2d 198], as was pointed out to said Honorable Aylett R. Cotton at the time of the hearing of the demurrer to plaintiff's complaint herein. That said Honorable Aylett R. Cotton in his answer filed herein does not deny that he entertains the view that in an action such as that set forth in plaintiff's complaint, the Probate Court has exclusive jurisdiction; . . . That plaintiff and his counsel feel that in view of the definite opinion of Honorable Aylett R. Cotton, contrary to the positive decisions of the Supreme Court of California, and the antagonistic attitude taken by said Judge, plaintiff will proceed with said action before said Judge under a great initial handicap, to which he should not be subjected; that the court decisions referred to herein have all been cited to said Honorable Aylett R. Cotton heretofore, and that in all likelihood they would not now cause him to change his opinion; and that by reason of the filing by the plaintiff herein of his objections to said Judge

hearing said matter the prejudice of said Honorable Aylett R. Cotton will be intensified.''

There is no claim in any part of the record that Judge Cotton has any prejudice against plaintiff, any of the attorneys for plaintiff, any of plaintiff's witnesses, or bias in favor of any of the defendants, their lawyers, or their witnesses. It is plain that Judge Cotton was of the opinion that on the facts set forth in the various complaints plaintiff could not state a cause of action, because in his opinion the probate court alone had jurisdiction of the subject matter, and because the type of agreement upon which plaintiff relied had to be in writing to be legal. As shown in our decision on the main appeal, plaintiff is correct in his contention that the judge's opinion on these matters was erroneous. ██ However, a wrong opinion on the law of a case does not disqualify a judge, nor is it any evidence of bias or prejudice. If so, no judge who is reversed by a higher court on any ruling or decision would ever be qualified to proceed further in the particular case. Where a judge is mistaken as to questions of law, a litigant cannot substitute for his remedy by appeal, proceedings for the disqualification of a judge for alleged bias and prejudice.

██ The burden of proving bias or prejudice is upon the complaining party. (*Golish* v. *Feinstein,* 123 Cal.App. 547 [11 P.2d 893].) As stated in *Kreling* v. *Superior Court, supra,* page 359: ''A judge is not disqualified to again hear a case because of an expression of opinion by him upon a question of law. . . . Erroneous rulings against a litigant, even when numerous and continuous, form no ground for a charge of bias and prejudice, especially when they are subject to review on appeal. Petitioner's claim that the conduct and statements of the judge indicate that he had formed an opinion regarding the legal questions which had been presented in the case does not entitle him to a change of judge, for it does not measure up to that prejudice against a litigant which the statute contemplates as a basis for disqualifying a judge . . . while it may constitute sufficient ground for a reversal of the judgment, [it] will not support a charge of disqualification under section 170 of the Code of Civil Procedure. (*Evans* v. *Superior Court, supra* [107 Cal.App. 372 (290 P. 662)].)''

Plaintiff cites a number of cases which he claims support his contention that Judge Cotton was biased and prejudiced. In not one of them was there a situation where the only claim

of bias and prejudice was because of the judge's incorrect view of the law. In *Kreling* v. *Superior Court, supra,* the judge had expressed an opinion as to the lack of credibility of the petitioner. In *Evans* v. *Superior Court,* 107 Cal.App. 372 [290 P. 662], the judge expressed a positive opinion as to the credibility of a certain witness, likening him to a "Morgan or a Kidd." In *Rugenstein* v. *Ottenheimer* (1915), 78 Ore. 371 [152 P. 215, Ann.Cas. 1917E 953], the judge stated that he would see that the third trial of the case would be before him "And I will see that the woman [plaintiff] gets another verdict and judgment that will stand." (P. 216 [152 P.].) In *Pratt* v. *Pratt,* 141 Cal. 247 [74 P. 742], the judge in an action for accounting between husband and wife stated, in effect, that if the defendant husband called the daughter of the parties as a witness in his behalf, it would condemn him in the eyes of the court, and "You would have to bolster everything he (defendant) said to make me believe anything after he did that." (P. 250.) In *Briggs* v. *Superior Court,* 215 Cal. 336 [10 P.2d 53], the court found that the remarks admittedly made by the trial court could be reasonably interpreted only as meaning that the petitioners "had deliberately misstated the truth in their affidavit, and that he charged them with having done so" (p. 345) and therefore it was not humanly possible for the judge to pass upon their credibility with an impartial mind.

In *Chastain* v. *Superior Court,* 14 Cal.App.2d 97 [57 P.2d 982], the proceeding was to prevent the trial judge from hearing a personal injury action for the third time. The judge admitted that in granting new trials he had stated that one of the defendants and some of his witnesses had perjured themselves at the former trials and that he was still of the same opinion.

*Rosenfield* v. *Vosper,* 45 Cal.App.2d 365 [114 P.2d 29], was an action for the reasonable value of legal services. During the trial, the judge apparently was impatient with the time taken to try the case. On the fifth day the judge called counsel into his chambers and suggested to plaintiff's attorney that he offer a certain sum, much less than that sued for, in settlement of the action. When the attorney consented, the judge then told the attorney for defendants, " 'Tell your clients that in my opinion it would be to their best interests to settle on that basis.' " (P. 370.) The Supreme Court held that thereby the judge was forming and expressing an opinion

on issues of fact before the case was finally submitted to him, and hence disqualifying himself from proceeding further with the trial.

*State ex rel Barnard* v. *Board of Education,* 19 Wash. 8 [52 P. 317, 67 Am.St.Rep. 706, 40 L.R.A. 317], is also cited by plaintiff. Its inapplicability is easily seen from its facts. Charges were filed before the board of trustees of a school district against the superintendent of schools. The latter claimed that one board member was disqualified from hearing the charges because admittedly he had publicly announced his intention to vote to find the superintendent guilty, *no matter what the evidence might be.*

The most that can be said of plaintiff's charges against Judge Cotton is that in the face of conclusive authorities to the contrary, the judge in an abrupt and violent manner stated that in his opinion the plaintiff could not state a cause of action because the alleged agreement must be in writing and because the probate court alone had jurisdiction of the matters set forth in the complaints. These are, however, opinions as to questions of law. Plaintiff has cited no case, and we are unable to find any, which holds that a judge's error in questions of law, no matter how gross, constitutes bias or prejudice or is a disqualification to proceed with the trial of the case in which such error was made.

The action of Judge Cotton, at the request of defendants, in striking from the clerk's transcript on appeal, the pleadings, the minute orders showing the court's action thereon, the motion for stay of proceedings, and the minute order showing denial thereof, does not show bias or prejudice. Evidently the judge erroneously thought that the only records this court needs on an appeal of this kind are those directly used in the proceedings to disqualify. While generally it is better to stay proceedings until the appeal upon the question of the judge's alleged disqualification is determined, it sometimes happens that proceedings of this kind are brought merely for delay, and the judge, who thought that he was right upon the questions of law, may have thought that such was the purpose of the proceedings here. We hasten to add that we are satisfied that such was not the purpose of plaintiff or his counsel, but that they acted in good faith. However, the denial of the motion to stay, even coupled with the erroneous action of the judge upon the demurrers, does not make it "appear probable that, by reason of bias or prejudice of such . . . judge . . . a fair and impartial trial cannot

be had before him.'' (Code Civ. Proc., § 170.) We cannot assume, as plaintiff would have us do, that Judge Cotton, after our decision on the main appeal, will continue to hold that the facts alleged do not constitute a valid cause of action. If such should occur an appeal from that judgment is an adequate remedy.

Counsel for plaintiff argue that a reversal in the main case will afford his client no adequate remedy, because, so it is asserted, when the case is tried on its merits, Judge Cotton will not objectively pass on the facts but will be desirous of upholding his alleged preconceived conclusion that plaintiff should not prevail. We have no doubt that in any case if a trial judge feels that he cannot objectively pass upon the credibility of the witnesses, something which he alone will know, that he will voluntarily step aside and permit another judge to try the case.

## PROCEDURE

The point raised by defendants that in a proceeding to disqualify a judge, the affidavits are merely pleadings to get the matter before the court, and that oral evidence must be introduced to prove the matters set forth in the affidavits, needs but little consideration, as the case of *Bixby* v. *Hotchkis*, 72 Cal.App.2d 368 [164 P.2d 808], definitely holds that the procedure followed by Judge Clement is the proper one.[1]

The order appealed from is affirmed.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied November 12, 1948.

---

[1] Judge Clement not only considered all affidavits presented, but encouraged and considered argument.